630 So.2d 687 (1993)
Stanley PATTERSON
v.
WEBER MARINE and Fireman's Fund Insurance Company.
No. 93-C-1764.
Supreme Court of Louisiana.
November 5, 1993.
PER CURIAM.
Writ granted. The judgment of the court of appeal, which affirmed the district court's judgment granting defendants' motion for summary judgment on the basis of prescription, is reversed. 621 So.2d 216 (1993). The decision of this court in Foster v. Breaux, 263 La. 1112, 270 So.2d 526 (1972), is dispositive of the prescription issue presented here.
As in the instant case, the plaintiff in Foster, supra, filed suit within the prescriptive period in an improper venue and failed to serve the defendant within the prescriptive period. However, defendant waived the right to plead improper venue since no declinatory exception was filed prior to preliminary default. Defendant subsequently filed an exception of prescription. We construed former LSA-R.S. 9:5801 (present LSA-C.C. art. 3462), providing that prescription is interrupted by the commencement of a civil action in a court of competent jurisdiction, to mean that "the filing of the suit interrupts prescription if, at the time the exception pleading prescription is filed, the court is of competent jurisdiction." 270 So.2d at 529. Since venue was proper as to the defendant at the time he filed his plea of prescription, the filing of the action in (thus) a court of competent jurisdiction and venue interrupted prescription as to the defendant.
In the instant case, suit was filed within the prescriptive period in an improper venue and defendants were not served with process until after the prescriptive period had run. However, defendants answered thereby waiving any objection to venue. At the time defendants filed their motion for summary judgment pleading prescription, venue was proper, any objection thereto having been waived, and for purposes of interruption of prescription, this suit is considered as having been filed in a court of competent jurisdiction and venue, thereby interrupting prescription under LSA-C.C. art. 3462. Granting summary judgment on the basis of prescription was error.
The summary judgment was also based on grounds other than prescription and consideration of plaintiff's assignments of error as to the other grounds was pretermitted by the court of appeal. Accordingly, we remand this case to the court of appeal for consideration of the other issues raised on appeal.
REVERSED AND REMANDED.
LEMMON, J., not on panel.