Wallace W. ANDERSON, Plaintiff,

v.

HOUSEHOLD FINANCE CORPORA- TION OF ALABAMA, Defendant.

Civ. A. No. 95–D–831–N.

United States District Court, M.D. Alabama, Northern Division.

Aug. 14, 1995.

George B. Azar, Zack M. Azar, Montgomery, AL, for plaintiff.

William D. Coleman, Montgomery, AL, Andrew J. Noble, III, Birmingham, AL, for defendant.

## *MEMORANDUM OPINION AND ORDER*

DE MENT, District Judge.

Before the court is the plaintiff's motion filed July 13, 1995 to remand this action to the Circuit of Montgomery County, Alabama, whence it was removed. The defendant responded in opposition on July 31, 1995.

In the original two-count complaint, the plaintiff avers that in connection with the execution of a note and mortgage, defendant Household Finance Corporation of Alabama (hereafter "Household"), through its agents and employees, misrepresented and failed to disclose material facts which induced the plaintiff to enter into a note and mortgage. Subsequently, the plaintiff amended his complaint to add six additional counts consisting of claims for fraud, misrepresentation, and suppression of material facts. Thereafter,

the defendant removed this action, asserting federal-question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441.[1]

■ The defendant contends that the plaintiff's claim for relief involves the application of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, and its implementing Regulation Z. In essence, the defendant contends that while the plaintiff has not pleaded a violation of the TILA, the TILA controls in this action. Specifically, the defendant states the cause of action has been composed in terms of the TILA. The plaintiff asserts, however, that he is seeking relief only under state law, thus, precluding removal based upon federal laws and regulation.

■ Whether the complaint states a federal question must be determined by examining the face of the complaint.[2] As stated by the Supreme Court of the United States:

[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Gully v. First National Bank*, 299 U.S. 109, 112–13 [57 S.Ct. 96, 97–98, 81 L.Ed. 70] ... (1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) (internal footnotes omitted).

■ The court recognizes that the preemptive force of some federal statutes can provide a legal basis for removal of a case from state to federal court even if a plaintiff has framed the complaint to allege violations of only state law. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1986). For example, the Supreme Court of the United States has determined that issues involving the Labor Management Relations Act, 29 U.S.C. § 185, *et seq.*, and the Employment Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*, transform state-law claims into ones arising under federal law for purposes of the well-pleaded complaint rule. *Caterpillar, Inc.*, 482 U.S. at 393–94, 107 S.Ct. at 2429–30.

■ This "complete preemption" doctrine, however, does not apply to the TILA. The TILA does not contain a civil enforcement provision that requires complete preemption of law, nor is there any other manifestation that Congress intended preemption. *See General Elec. Capital Auto Lease, Inc. v. Mires*, 788 F.Supp. 948, 950 (E.D.Mich.1992) (finding that "[a]bsent in the [TILA] statute are any provisions which purport to demonstrate the preemption of state causes of action").

■ The defendant also contends that the amended complaint asserts a claim which arises under the laws of the United States, because the plaintiff stated in the amended complaint that the defendant's actions violated "federal and state laws." Pl.'s Am.Compl. at ¶ 28. The court follows the "long-settled

---

1. Section 1441 states in part that "... any civil action brought in a State court of which district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending ..." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1331, a district court has original jurisdiction over all cases "arising under the Constitution, laws or treaties of the United States." However, the Supreme Court of the United States has interpreted the statutory grant of federal-question jurisdiction as conferring a limited power. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478

U.S. 804, 807, 106 S.Ct. 3229, 3231, 92 L.Ed.2d 650 (1986) (citations omitted).

2. The court also stresses that the defendant, as the party removing an action to federal court, has the burden of establishing federal jurisdiction. *Sullivan v. First Affiliated Secs.*, 813 F.2d 1368 (9th Cir.1987), *cert. denied*, 484 U.S. 850, 108 S.Ct. 150, 98 L.Ed.2d 106 (1987). Because the removal statutes are strictly construed against removal, generally speaking all doubts about removal must be resolved in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

understanding that the mere presence of a federal issue in a state cause of. action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 813, 106 S.Ct. 3229, 3234, 92 L.Ed.2d 650 (1986); *see also Gully v. First Nat'l Bank,* 299 U.S. 109, 115, 57 S.Ct. 96, 98, 81 L.Ed. 70 (1936) ("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit"). The standard in invoking federal-question jurisdiction depends on the necessity of resolving a federal issue. As stated by the Supreme Court of the United States:

> [a] district court's federal-question jurisdiction ... extends over 'only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law,' *Franchise Tax Board of California v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27–28 [103 S.Ct. 2841, 2855–56, 77 L.Ed.2d 420] ... (1983), in that 'federal law is a necessary element of one of the well-pleaded ... claims,' *id.,* at 13 [103 S.Ct. at 2848]....

*Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 808, 108 S.Ct. 2166, 2173, 100 L.Ed.2d 811 (1988).

 The court does not believe that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded claims. The court finds that the mere mention of the words "federal laws" does not confer the court with federal-question jurisdiction, particularly when a commonsense reading of the complaint and amended complaint reflects the pleading of state law claims. The causes of action are supported by alternative theories of state law, and the TILA is not essential to any of those theories. The alternative theories of state law include fraud, misrepresentation, suppression of material facts, and fraud in continuing to receive payments. These are state law claims the determination of which must be left to the state court system. Moreover, retaining jurisdiction over this action would interfere with a state court's right to decide and interpret its own law as applied to the facts of this case. Accordingly, the court finds that the causes of action were improperly removed to federal court, because they did not arise under federal law.

 Although not mentioned in the defendant's memorandum in opposition to the motion to remand, the court will address the defendant's assertion in its answer that the plaintiff's claims are preempted by federal law, including the TILA and Regulation Z. The court finds that absent "complete preemption" of state causes of action, the defendant cannot establish that a federal court has original .jurisdiction by arguing preemption as a defense:

> Ordinarily, federal pre-emption is raised as a defense to the allegations in a plaintiff's complaint. Before 1887, a federal defense such as preemption could provide a basis for removal, but, in that year, Congress amended the removal statute. We interpret that amendment to authorize removal only where original federal jurisdiction exists. Thus, it is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue. .

*Caterpillar, Inc.,* 482 U.S. at 393–93, 107 S.Ct. at 2429 (internal citations omitted).

In sum, the court finds that the defendant has failed to establish that the complaint, as amended, pleads a federal question because: (1) the complete preemption doctrine does not convert the plaintiff's state claims into claims under the TILA; (2) the plaintiff's right to relief does not depend on the resolution of a substantial question of federal law; and (3) the defendant may not remove a case based upon a federal preemption defense. In other words, the court does not have original jurisdiction over this action.

Accordingly, it is CONSIDERED and ORDERED that the plaintiff's motion to remand be and the same is hereby GRANTED and this cause be and the same is hereby

REMANDED to the Circuit Court of Montgomery County, Alabama. The clerk is DIRECTED to take all steps necessary to effect said remand.