**Lorenzo E. MORALES, on behalf of himself and all other persons similarly situated, Plaintiff,**

v.

**SHOWELL FARMS, INC., Defendant.**

**Civ. No. 1:95CV622.**

United States District Court,
M.D. North Carolina,
Durham Division.

Dec. 11, 1995.

Robert James Willis, Raleigh, NC, for plaintiff.

John H. Culver, III, Kennedy Covington Lobdell & Hickman, L.L.P., Charlotte, NC, Arthur M. Brewer, Patrick M. Pilachowski, Shawe & Rosenthal, Baltimore, MD, for defendant.

## MEMORANDUM OPINION

BULLOCK, Chief Judge.

The plaintiff, Lorenzo E. Morales, seeks the remand of this case to the General Court of Justice, Superior Court Division, Chatham County, North Carolina, from which the defendant, Showell Farms, Inc. ("Showell"), removed it on August 24, 1995. Also, Morales moves to strike Showell's affirmative defenses under Rule 12(f) of the Federal Rules of Civil Procedure and to dismiss Showell's counterclaim under Rule 12(b)(1) or (6). The court will grant the motion to remand to state court based on lack of subject matter jurisdiction and thus will not reach Morales' other motions.

## BACKGROUND

Showell is a Maryland poultry processing corporation that does business in Chatham County, North Carolina. Morales is a former employee of Showell. Morales says that he learned the facts that led him to file the case now before the court during pre-trial discovery for other suits against Showell.

Morales' complaint is grounded on two grievances he has with Showell. First, Morales asserts that Showell wrongfully deducted amounts from his wages for personal protective equipment. He claims that this alleged practice violates North Carolina General Statute Section 95–25.8(2), both because the deductions were made without proper written authorization and because any such deductions were illegal. Second, Morales claims that Showell forced Morales to work "off the clock" and thus did not compensate him fully. Morales alleges that this practice violates North Carolina General Statute Section 95–25.6.

On July 12, 1995, Morales filed a complaint in Superior Court in Chatham County requesting the court to certify his claim as a class action and to grant relief under the provisions of the North Carolina Wage and Hour Act. Morales' complaint, he admits, is not a model of clarity. See Pl.'s Mem. in Resp. to Def.'s Opp'n to Pl.'s Mot. to Remand at 3. As Showell points out, even though Morales explicitly states claims only under state law, Morales also makes reference throughout his complaint to the applicability of federal law, particularly the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219. See Compl. ¶¶ 10A, 38. Also, although Morales does not invoke North Carolina's provisions for either minimum wage, N.C.Gen.Stat. § 95–25.3 (1993), or overtime, N.C.Gen.Stat. § 95–25.4 (1993), Morales' complaint is filled with references to unpaid minimum wages and overtime wages. Compl. ¶¶ 1, 19, 20, 25. Finally, Morales' complaint refers to Showell's inadequate recordkeeping, Compl. ¶ 21, although Morales included no count alleging that he is entitled to relief under either federal or state wage and hour recordkeeping statutes.

On August 24, 1995, Showell removed the case to this court. Showell's notice of removal states two grounds for federal jurisdiction: federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332. Morales contends that this court does not have jurisdiction and seeks remand to state court.

## DISCUSSION

 Showell removed this case asserting that this court had jurisdiction under Title 28, United States Code, Section 1441(a), which states:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Showell, as the party seeking removal, bears the burden of proving the existence of subject matter jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir.1994). If jurisdiction is doubtful, a remand is necessary. *Id.* Although Showell's notice of removal states two reasons that this court has original jurisdiction, Showell has failed to establish either ground.

### A. Federal Question Jurisdiction

Showell first claims that removal is proper because this court has federal question jurisdiction over the suit. It argues that the FLSA completely pre-empts Morales' claims under state wage and hour laws. Showell maintains that, although Morales purports to state claims under North Carolina law, his claims necessarily "arise under" federal law, 28 U.S.C. § 1331.

 The plaintiff is the master of his claim and normally may avoid federal jurisdiction by relying exclusively on state law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). Courts determine matters of federal jurisdiction by reference to the "well-pleaded complaint rule" by which federal courts have jurisdiction to hear "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief

necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Laborers Vacation Trust,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983). Under the well-pleaded complaint rule, federal courts do not have jurisdiction over state law claims simply because the defendant may or does assert a federal defense. *Caterpillar Inc.,* 482 U.S. at 393, 107 S.Ct. at 2430.

■ Ordinarily, federal pre-emption is merely a defense to the allegation in a plaintiff's complaint. *Id.* at 392, 107 S.Ct. at 2429. Therefore, pre-emption of state law claims as a rule does not justify removing those claims to federal court. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). The Supreme Court has announced:

> Thus, it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.

*Caterpillar Inc.,* 482 U.S. at 393, 107 S.Ct. at 2430 (citing *Franchise Tax Bd.,* 463 U.S. at 12, 103 S.Ct. at 2847–48).

■ An "independent corollary" to the well-pleaded complaint rule exists, however, and is known as the "complete pre-emption" doctrine. *Caterpillar Inc.,* 482 U.S. at 393, 107 S.Ct. at 2430. In certain circumstances, "the pre-emptive force of a [federal] statute is so 'extraordinary' that it 'converts an ordinary state [law] complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* (quoting *Metropolitan Life Ins. Co.,* 481 U.S. at 65, 107 S.Ct. at 1547); *Rosciszewski v. Arete Assocs., Inc.,* 1 F.3d 225, 231 (4th Cir.1993). When an area of state law is completely pre-empted, any claim purportedly based on that pre-empted state law is considered to be from its inception a federal claim arising under federal law. *Caterpillar Inc.,* 482 U.S. at 393, 107 S.Ct. at 2430.

■ The Supreme Court has strictly guarded this complete pre-emption doctrine so that federal courts will not routinely convert pre-emption from a defense into a threshold jurisdictional issue. The Fourth Circuit has noted that the Supreme Court has found complete pre-emption only on rare occasions. *See Rosciszewski,* 1 F.3d at 231 n. 4. The Supreme Court hesitates to find complete pre-emption, at least in part, out of respect for the well-pleaded complaint rule and its policy of giving the plaintiff control over his claims. *See Alexander v. Electronic Data Sys. Corp.,* 13 F.3d 940, 943 (6th Cir. 1994).

■ For this court to have jurisdiction, it is not enough merely for Showell to assert that federal law pre-empts Morales' claims. It must first show that "federal law so occupies the field that it is impossible even to frame a claim under state law." *Ceres Terminals, Inc. v. Industrial Comm'n of Ill.,* 53 F.3d 183, 185 (7th Cir.1995). *See Metropolitan Life Ins. Co.,* 481 U.S. at 63–64, 107 S.Ct. at 1545–47. However, pre-emption "without more, does not convert a state claim into an action arising under federal law." *Id.* at 64, 107 S.Ct. at 1547. Congress must have intended not only to pre-empt claims in this area but also it must have intended to allow removal of such claims. *See id.* at 66, 107 S.Ct. at 1547–48. As the concurrence in *Metropolitan Life Insurance Co. v. Taylor* made clear, removal jurisdiction exists only when "'Congress has *clearly* manifested an intent to make causes of action ... removable to federal court.'" *Metropolitan Life Ins. Co.,* 481 U.S. at 67–68, 107 S.Ct. at 1548 (Brennan, J., concurring) (quoting *Metropolitan Life Ins. Co.,* 481 U.S. at 66, 107 S.Ct. at 1547–48) (alteration in original).

The approach of the Court in *Metropolitan Life* is instructive of the proper analysis of complete pre-emption. *See Rosciszewski,* 1 F.3d at 231–32. First, the Court found that the plaintiff's state law claims were subject to "the unique pre-emptive force of ERISA," because they fell under ERISA's supersedure provision, 29 U.S.C. § 1144(a),[1] which

---

1. This provision states:

Except as provided in subsection (b) of this section, the provisions of this subchapter and

explicitly supersedes all state laws relating to covered employee benefit plans. *Metropolitan Life Ins. Co.*, 481 U.S. at 65, 107 S.Ct. at 1547. Although ERISA pre-empts a broad area of state regulation, the Court was still "reluctant to find that extraordinary pre-emptive power" that would confer federal question jurisdiction. *Id.*

However, the Court also found strong indications of congressional intent to make claims such as the plaintiff's removable to federal court, both in the statute itself and its legislative history. ERISA's jurisdictional grant gave federal district courts jurisdiction to hear any action without respect to other jurisdictional bases. *Id.* (discussing 29 U.S.C. § 1132(f)). Further, the Court found that ERISA's legislative history clearly demonstrated that Congress wanted all suits related to an ERISA plan " 'to be regarded as arising under the laws of the United States.' " *Metropolitan Life Ins. Co.*, 481 U.S. at 65–66, 107 S.Ct. at 1547 (quoting H.R.Conf.Rep. No. 1280, 93d Cong., 2d Sess. 327 (1974)). Therefore, the Court held that Congress's intent was to make the state claims that ERISA pre-empted also removable to federal court. *Metropolitan Life Ins. Co.*, 481 U.S. at 66, 107 S.Ct. at 1547–48.

▮▮ Under this exacting standard, Showell has not demonstrated that this court has federal question jurisdiction. First, the FLSA does not cast such a broad pre-emptive net over the area of wage and hour regulation as to convert Morales' state law claims into federal law claims. In contrast to the sweeping pre-emptive provision in Section 502(a) of ERISA, the FLSA has a relatively narrow pre-emptive effect. Even in the FLSA's core area of protection—minimum wage and overtime regulation—the FLSA does not completely pre-empt state laws but only pre-empts them to the extent that they are less generous than the FLSA. 29 U.S.C. § 218(a). *See Smith v. United Parcel Serv., Inc.*, 890 F.Supp. 523, 528–29 (S.D.W.Va.1995). Moreover, Morales does not explicitly state claims grounded on these core provisions, but relies instead on state provisions without direct analogues in the FLSA. *Cf. Strickland v. MICA Info. Sys.*, 800 F.Supp. 1320, 1325 (M.D.N.C.1992) (noting that FLSA and N.C.Gen.Stat. § 95–25.8 are not coextensive). Showell, therefore, incorrectly asserts that the FLSA so completely pre-empts Morales' claims that they are automatically converted into federal claims.[2]

▮▮ Second, when enacting the FLSA Congress did not express any clear, unqualified intent to make claims such as those Morales states removable to federal court. The FLSA does not include, as ERISA does, a jurisdictional grant giving federal courts the power to hear cases such as this one regardless of other grounds of jurisdiction. The FLSA's legislative history does not include, as ERISA's does, plain statements that cases such as this one are intended to arise under the courts' federal question jurisdiction. In sum, even if Morales' claims are pre-empted, the FLSA evidences no congressional intent to convert federal pre-emption from a defense into a grounds for jurisdiction. Because the pre-requisites are not present for jurisdiction under the complete pre-emption doctrine, Showell has not demonstrated that this court has federal question jurisdiction.[3]

---

subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.
29 U.S.C. § 1144(a).

2. While there is no complete pre-emption for jurisdictional purposes, this opinion should not be read to imply anything about the merits of an ordinary pre-emption defense. *See Bailey v. Norfolk & W. Ry. Co.*, 842 F.Supp. 218, 221 (S.D.W.Va.1994).

3. Showell also implies that Morales actually stated federal claims on the face of his complaint.

For instance, the lengthy complaint relates that the question of law presented in this case is whether or not "federal or North Carolina law prohibit [sic] any wage deduction for personal protective equipment," Compl. ¶ 10A, and asserts that Showell did not satisfy the recordkeeping requirements of either the North Carolina Wage and Hour Act or the FLSA, Compl. ¶ 38. However, Morales states only claims grounded in state law, and his stray references to federal law will not justify federal jurisdiction. *See Mulcahey*, 29 F.3d at 154 (referring to federal statutes in a state law action may not support federal subject matter jurisdiction). As another district court recently decided, "the mere mention of the words 'federal laws' does not confer the court

B. *Diversity Jurisdiction*

 In its notice of removal, Showell raises federal diversity jurisdiction as a grounds for removal. The burden is on Showell, however, to prove that this case meets the requirements for removal, including that there is a sufficient amount in controversy. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995); *Griffin v. Holmes*, 843 F.Supp. 81, 84 (E.D.N.C.1993). Showell has not met its burden here. It does not demonstrate in its notice of removal, an accompanying affidavit, or even its brief, that the requisite amount is in controversy. Also, it is not facially apparent that this requirement is satisfied. Thus, Showell has not properly invoked the court's diversity jurisdiction.

## CONCLUSION

For these reasons, Morales' motion to remand to state court will be granted. The court does not address Morales' motion to strike insufficient affirmative defenses and to dismiss counterclaims.

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.

## *ORDER*

For the reasons set forth in the memorandum opinion filed contemporaneously herewith,

IT IS ORDERED that Plaintiff's motion for remand be, and the same hereby is, **GRANTED,** and this action is **REMANDED** to the General Court of Justice, Superior Court Division, Chatham County, North Carolina.

with federal-question jurisdiction...." *Anderson v. Household Fin. Corp.*, 900 F.Supp. 386, 389 (M.D.Ala.1995).