704 So.2d 246 (1998)
Bryan K. PHILLIPS
v.
PATTERSON INSURANCE CO., et al.
No. 97-CC-2748.
Supreme Court of Louisiana.
January 9, 1998.
Rehearing Denied February 20, 1998.
PER CURIAM.[*]
As a result of an accident that occurred in Iberia Parish on April 22, 1995, plaintiff, a Lafayette Parish domiciliary, filed suit in Lafayette on April 22, 1996. Named as defendants were Jessie Henry, an Iberia Parish domiciliary, and Henry's liability insurer, Patterson Insurance Company, whose registered office was in Bossier Parish. Both defendants were served after the one-year anniversary date. Thereafter, plaintiff added as an additional defendant his own uninsured motorist carrier.
Henry and Patterson timely filed an exception of venue, but the trial court overruled the exception. These two defendants then answered and filed an exception of prescription. The trial court sustained the exception of prescription as to plaintiff's tort claim.[1]
*247 The court of appeal peremptorily reversed that decision. The intermediate court first ruled that the law of the case doctrine precludes relitigation of the venue issue, which the trial court had rejected before maintaining the exception of prescription based on improper venue. The court further held that defendants "waived any objection to venue by filing an answer prior to the filing of the exception of prescription which is based, in part, on the issue of venue."
The intermediate court erred in several respects. First, as to the law of the case doctrine, the trial court had merely overruled an exception; such a judgment does not constitute law of the case. Moreover, the court of appeal had never previously addressed the venue issue, and the law of the case doctrine did not preclude the intermediate court from inquiring into the propriety of the trial court's previous ruling on venue. Even though defendants did not seek supervisory writs after the venue ruling, the trial court's decision on venue was reviewable by the court of appeal and by this court on appeal after trial on the merits, at least for prescription purposes.
Second, the court of appeal, citing Patterson v. Weber Marine, 630 So.2d 687 (La. 1993), held that defendants waived the venue objection by filing an answer prior to the filing of the exception of prescription which partially was based on the venue issue. The Code of Civil Procedure at the time (prior to the recent 1997 amendment) provided that an exception of venue was timely if filed prior to answer or judgment by default, or to the defendant's making an appearance. La.Code Civ.Proc. arts. 926, 928. Defendants filed the exception before answering or making an appearance. Therefore, the objection to improper venue was not waived in this case. See Bickham v. Sub Sea Int'l, 617 So.2d 483 (La.1993).
The case of Foster v. Breaux, 263 La. 1112, 270 So.2d 526 (1972), which was followed by this court in Patterson, does not dictate a different result. The defendants in both Foster and Patterson waived the objection of improper venue by filing an exception of prescription before filing a venue exception, whereas the defendants in this case filed the exception of improper venue first. Moreover, the Foster and Patterson cases were decided when an objection of improper venue was waived by making a general appearance. The 1997 amendments abolishing the concept of general appearance, albeit not applicable here, may change the Foster and Patterson rationale. Nevertheless, and more importantly, defendants in this case did not make a general appearance before filing their venue exception.
Finally, to hold that a defendant waives a timely filed objection of improper venue by not seeking supervisory writs after the timely exception is overruled goes against the policy of not presuming a waiver of rights, which should only be done expressly.
Accordingly, the trial court decision maintaining defendants' exception of prescription as to the tort claims is reinstated, and the case is remanded to the trial court for further proceedings.
NOTES
[*] Marcus, J., not on panel.
[1] Plaintiff also asserted claims against Patterson with longer prescriptive periods.