**Mark CRANFORD, et al.**

v.

**The CITY OF SLIDELL.**

**Civil Action No. 97–797.**

United States District Court, E.D. Louisiana.

Sept. 8, 1998.

Mark E. Falcon, Avant & Falcon, Baton Rouge, LA, for plaintiff.

william J. Oberhelman, Jr., New Orleans, LA, for defendant.

### ORDER AND REASONS

MENTZ, District Judge.

Before the court is the plaintiffs' motion for summary judgment. The plaintiffs are current and/or former employees of the City of Slidell ("City"), Louisiana, who serve or served in the classification of Police Lieutenant. The plaintiffs filed suit in state court

against the City seeking payment for overtime wages for hours worked in excess of forty hours per week. The City removed the case to federal court on the ground of federal question jurisdiction. The complaint asserts claims for overtime pay under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and Louisiana state law, La. R.S. 33:2213.[1] The parties agree that the facts are not in dispute, and that the court may decide the plaintiffs' claims as a matter of law.

■ The FLSA minimum wage and overtime standards apply to employees of municipalities. *Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528, 533, 105 S.Ct. 1005, 1008, 83 L.Ed.2d 1016 (1985). However, the FLSA permits states to adopt higher standards than those established in the Act and preempts state law in this area only to the extent that state laws are less generous than the FLSA. *See Overnite Transp. Co. v. Tianti*, 926 F.2d 220, 222 (2nd Cir.1991), *cert. denied*, 502 U.S. 856, 112 S.Ct. 170, 116 L.Ed.2d 133 (1991); *Morales v. Showell Farms, Inc.*, 910 F.Supp. 244, 248 (M.D.N.C.1995); *Lagrimas v. Gossel*, 1993 WL 18951 (D.Md.1993). The FLSA savings clause provides that:

> No provision of this chapter or any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing ... a minimum wage higher than the minimum wage established under this chapter or a maximum workweek lower than the maximum workweek established under this chapter.

29 U.S.C. § 218(a). Thus, the FLSA expressly provides that it does not preempt any applicable state law that establishes lower maximum hours and higher rates of overtime pay than the FLSA. In such a case, the state provision controls the employer's duty.

Louisiana law establishes that police lieutenants in municipalities with a population between 12,000 and 250,000 must be paid overtime at the rate of one and one-half times their hourly rate of pay for all hours worked over forty per week. La.Rev.Stat. ann. §§ 33:2213(A);[2] 33:2211(A).[3] It is uncontested that the City failed to pay plaintiffs overtime wages in accordance with Louisiana law.

■ Section 33:2213(A) applies to the City, notwithstanding its Home Rule Charter which incorporates a civil service system pay plan for its police officers. The Louisiana Constitution reserves plenary power to the Legislature to establish minimum wage rules for city police officers. La. Const. Art. 6, § 14; *New Orleans Firefighters Ass'n v. Civil Serv. Comm'n of New Orleans*, 422 So.2d 402 (La.1982) (Section 14 limits the otherwise plenary power of the Legislature by creating home-rule financial autonomy for political subdivisions but expressly reserves to the Legislature the power to enact laws establishing minimum wages, working conditions, and retirement benefits for firemen and municipal policemen). Section 33:2213(A) is the legislative mandate for police minimum working conditions including overtime hours and pay. *See Ruby v. City of Shreveport*, 427 So.2d 1267, 1271 (La.App. 2nd Cir.), *writ denied*, 433 So.2d 154 (1983). (the home rule charter of Shreveport must yield to the state's plenary power to legislate minimum wages, working conditions, and retirement benefits for municipal policemen).

---

1. Removal jurisdiction exists because the plaintiffs alleged a claim arising under the laws of the United States. *See* 28 U.S.C. § 1441(a), 28 U.S.C. § 1331.

2. § 2213. Maximum hours; overtime or compensatory time; exceptions for certain cities

    A. The maximum hours of work required of any full-time paid patrolman, patrolman first class, sergeant, lieutenant, or captain, or any other employee of the police department, except those employed in a position, grade or class above that of captain, in any municipality affected by this Subpart, shall be forty hours in any one calendar week. In cases of emergency, any employee may be required to work in excess of the maximum. For each hour so worked the employee shall be paid at the rate of one and one-half times his usual salary, to be determined by reducing his monthly salary to an hourly scale.

3. Section 33:2211(A) provides that the minimum wages and maximum hours for police apply to municipalities having a population of not less than 12,000 nor more than 25,000. It is undisputed that the City meets this criteria.

Thus, the issue for the court is whether the FLSA or Louisiana law provides the applicable standards for overtime pay.

Section 7(a), 29 U.S.C. § 207(a)(1), of the FLSA requires private employers to compensate an employee at a rate of not less than one and one-half times the employee's regular rate for all hours worked above 40 per week, which is the same hours and rate as § 33:2213(a) sets for police officers in Louisiana. The FLSA, however, creates a different set of standards for police officers. The FLSA creates an exemption from the requirement of § 207(a) for public agencies whose employees engaged in fire protection and law enforcement activities for work periods of between seven and twenty-eight consecutive days. 29 U.S.C. § 207(k); 29 C.F.R. § 553.230. For law enforcement employees who have a work period of at least seven but less than 28 consecutive days, overtime compensation (at the rate of one and one-half times the regular rate) is not due until the number of hours worked exceeds 6.11 hours per day. *Id.* Thus, if the work period is seven days, overtime compensation is due only after the employee has worked more than 43 hours; if the work period is 28 days, overtime compensation is not due until the employee works more than 171 hours. 29 C.F.R. § 553.220(b) and (c). Thus, the FLSA's floor on hours worked for overtime compensation of law enforcement officers is higher than Louisiana's.

In addition, some if not all of the plaintiffs may be exempt from the FLSA's overtime provisions. Section 213(a)(1) provides an exemption from overtime pay for "bona fide executive, administrative, or professional" employees. Regulations promulgated by the Secretary of Labor set forth specific requirements for exempt status, such as earning a specified minimum amount on a salary basis. *See e.g.,* 29 C.F.R. § 541.1, 541.2, 541.3. The parties did not address the facts that would determine whether any of the plaintiffs are exempt by § 213(a)(1) from FLSA coverage.

It is undisputed, however, that police lieutenants have been found to fall under the exemption. *See e.g., Auer v. Robbins,* 519 U.S. 452, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997); *Hilbert v. District of Columbia,* 23 F.3d 429 (D.C.Cir.1994).

Finally, the statute of limitations under the FLSA is shorter than Louisiana's. Section 255(a) of the FLSA imposes a two-year statute of limitations with an extension to three years for a wilful violation. The applicable prescriptive period under Louisiana law is three years. *See* La. Civ.Code art. 3494(1).[4]

The court finds that Louisiana law is more generous than the FLSA. Pursuant to the terms of § 218 of the FLSA, the court concludes that the City must pay overtime compensation to the plaintiffs in accordance with the provisions of Louisiana law, § 33:2213(A). *See Karr v. City of Beaumont, Texas,* 950 F.Supp. 1317, 1324 (E.D.Tex.1997); *Marie v. City of New Orleans,* 612 So.2d 244 (La.App. 4th Cir.1992) (FLSA does not preempt Louisiana state law).

Accordingly,

IT IS ORDERED that the plaintiffs' Motion For Summary Judgment is **GRANTED**. The City of Slidell shall immediately commence compliance with La.Rev.Stat. ann. § 33:2213(A). The City shall submit an accounting and pay all overtime wages to plaintiffs for the three years prior to the institution of this litigation on February 18, 1997 to the date of entry of judgment within sixty days of entry of judgment.

---

**4.** La. Civ.Code art. 3494(1) provides:

The following actions are subject to a liberative prescription of three years:

(1) An action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, professional fees, fees and emoluments of public officials, freight, passage, money, lodging, and board;