MOORE, J.
| T Margene McCoy, a former assistant fire chief with the Shreveport Fire Department (“SFD”), appeals a summary judgment dismissing his claim for overtime wages. We affirm.

Factual and Procedural Background

McCoy was a veteran of SFD, being promoted to assistant fire chief in January 2003 and holding that position until he retired in 2009. In August 2006, he filed suit against the City of Shreveport, alleging that he was due additional pay or overtime wages for time spent attending staff meetings, disciplinary board hearings, EMS workshops, other committee meetings, work-related training, and command of Hurricane Rita-related fire line operations. He sought a declaratory judgment that he was entitled to overtime under La. R.S. 33:1994 and 33:1969, an injunction ordering the City to comply with these statutes, and an award of all unpaid overtime.
The City filed a general denial, and then the case languished for some time. In August 2012, the City filed the instant motion for summary judgment, asserting (1) all overtime wage claims are subject to two years’ prescription under the Fair Labor Standards Act (“FLSA”), 29 U.S.C. § 255, and (2) McCoy was exempt from overtime wage requirements because he was a highly compensated executive em *244 ployee not eligible for overtime under FLSA, a federal statute explicitly referenced in R.S. 33:1994 A since a 1993 amendment. In support, it attached portions of McCoy’s deposition, in which he stated that he supervised about 160 employees, addressed personnel issues, delegated responsibility to subordinates and exercised ^numerous management functions.[1] It also cited jurisprudence holding that deputy chiefs, district chiefs and battalion chiefs were executives and thus exempt from FLSA overtime provisions. Monroe Firefighters Ass’n v. City of Monroe, 600 F.Supp.2d 790 (W.D.La.2009); Simmons v. City of Fort Worth, 805 F.Supp. 419 (N.D.Tex.1992); Smith v. City of Jackson, Miss., 954 F.2d 296 (5 Cir.1992).
McCoy opposed the motion, arguing that R.S. 33:1994 actually excluded him from the provisions of FLSA, and thus entitled him to time-and-a-half overtime in accordance with the schedule in § 1994 A. In support, he attached the deposition of then-Chief Kelvin Cochran stating that McCoy received three hours of FLSA overtime every week. He also argued that Monroe Firefighters and Smith, supra, were true FLSA cases, not overtime cases under § 1994 A, and that the applicable prescriptive period was three years, under La. C.C. art. 3494. He also attached copies of pay stubs showing that between August 2005 and his retirement, the City routinely paid him overtime, evidencing an intent to compensate him more generously than FLSA would require.
At a hearing in November 2012, the district court denied the motion for summary judgment, intimating that R.S. 33:1994 was. ambiguous and citing “all those questions about how the man was paid.”
The City applied for a writ, which this court granted on March 14, 2013. This court’s order stated that R.S. 33:1994 applied to the case, and |8that the legislature clearly intended FLSA to apply to firefighters covered under the statute. The order remanded the case for further consideration.
At a hearing in August 2013,[2] the district court found that R.S. 33:1994 applied, FLSA controlled the determination of overtime wages for SFD firefighters, and no genuine issues of material fact existed. The record showed that McCoy “held a high ranking and high salaried position,” was third in command, and it is “undisputed that this is a supervisory and managerial position” in a city that vastly exceeds the population threshold of § 1994. The court found as a matter of law that the position of assistant fire chief is exempt from the minimum and overtime wage provisions and that “additional voluntary or discretionary compensation by a municipality in the form of overtime does not defeat or waive the exemption.”

The Parties’ Positions

McCoy has appealed, designating three assignments of error: (1) the court erred in granting the motion for summary judgment, (2) the court committed legal error in failing to address the application of the second sentence of R.S. 33:1994 A, and (3) *245 the court erred in failing to give any significance to the City’s prior conduct in paying him overtime for regular hours worked exceeding the schedule set forth in § 1994. He concedes that under FLSA, minimum wage and maximum hour requirements do not apply to “any employee employed in a bona fide executive, administrative, or professional capacity,” 29 U.S.C. § 213(a)(1). He also concedes that the first sentence of R.S. 38:1994 A expressly subjects him to FLSA. However, 14he relies on the second sentence, “In the event that such firefighters are subsequently excluded from the overtime compensation provisions of [FLSA], any firefighter having a work period of [7 to 28] consecutive days shall receive overtime compensation at the rate of one and one-half times his usual salary[.]” He argues that this is a “state enacted exception to FLSA” whereby he is “excluded from the overtime provisions of FLSA” because § 1994 does not provide the exemption for persons employed in a bona fide executive, administrative or professional capacity. He contends that the district court’s (and, by implication, this court’s) interpretation of § 1994 A renders the second sentence meaningless.
He also argues that states may adopt higher standards than those stated in FLSA. 29 U.S.C. § 218(a); Overnite Transp. Co. v. Tianti, 926 F.2d 220 (2 Cir.), cert. denied, 502 U.S. 856, 112 S.Ct. 170, 116 L.Ed.2d 133 (1991); Morales v. Showell Farms Inc., 910 F.Supp. 244 (M.D.N.C.1995). He specifically cites Cranford v. City of Slidell, 25 F.Supp.2d 727 (E.D.La.1998), in which the court enforced Slidell’s “more generous” wage structure for police lieutenants, and La. A.G. Opin., 89-101, which required the city of Lafayette to follow the second sentence of § 1994 A with its firefighters. He submits that the City’s prior payment of overtime proved an exclusion from FLSA, and urges the importance of interpreting the law as having the meaning that best conforms to the purpose of the law. La. C.C. art. 10; Richard v. Hall, 2003-1488 (La.4/23/04), 874 So.2d 131. He concludes that the case must be remanded for trial.
|fiThe City responds by reiterating McCoy’s job duties and salary range (from $72,700 to $83,700), urging that he was “in one of the highest management positions of the SFD.” It argues that just because McCoy was ineligible for overtime under FLSA does not mean that he was “excluded from” its provisions. It shows that Cranford, supra, hinged on a special statute, La. R.S. 33:2213, that expressly adopted an overtime scheme for police officers, and that the A.G. opinion actually addressed R.S. 33:1994 C, a special subsection for Lafayette firefighters, but no such special statute exists for assistant fire chiefs. The City also shows that the 1993 amendment to § 1994 A expressly added the FLSA reference, thus showing an intent to subject firefighters to FLSA. The second sentence, the City submits, is operative “only if the overtime provisions are removed from FLSA,” which has not occurred; in other words, the court’s interpretation does not impermissibly negate the second sentence.
Finally, the City concedes that it “elected” to pay overtime to exempt employees who worked a 24-hour shift schedule, but this election does not entitle those employees to even more overtime pay. Boykin v. Boeing Co., 128 F.3d 1279 (9 Cir.1997); Hartman v. Arlington County, Va., 720 F.Supp. 1227 (E.D.Va.1989). The City concludes that R.S. 33:1994 A clearly subjects McCoy to FLSA provisions, under which he is not entitled to overtime, and the judgment should be affirmed.

Discussion

The starting point in the interpretation of any statute is the language of the stat *246 ute itself. Moreno v. Entergy Corp., 2012-0097 (La.12/4/12), 105 So.3d 40. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9; Fulmer v. State, 2010-2779 (La.7/1/11), 68 So.3d 499.
Overtime for firefighters is regulated by La. R.S. 33:1994 A, which ■ provides, in pertinent part:
§ 1994. Maximum hours
A. Overtime compensation for firefighters covered by this Subpart in cities having a population of [13,000 or more] * * * shall be governed by the provisions of the federal Fair Labor Standards Act, as implemented in 20 CFR Part 553. In the event that such firefighters are subsequently excluded from the overtime compensation provisions of the Fair Labor Standards Act, any firefighter having a work period of [7 to 28] consecutive days shall receive overtime compensation at the rate of [1½] times his usual salary, to be determined by reducing his average monthly salary to an hourly scale, for all hours worked in excess of the following maximum hours standards!.][3]
The minimum wage and maximum hour requirements of FLSA do not apply with respect to “any employee employed in a bona fide executive, administrative, or professional capacity!.]” 29 U.S.C. § 213(a)(1). The regulation, 29 C.F.R. Part 553, § 553.32(c), explains:
Section 13(a)(1) of the Act [§ 213(a)(1) ] provides an exemption from both the minimum wage and overtime pay requirements for any employee employed in a bona fide executive, administrative, professional, or outside sales capacity * * *_ An employee will qualify for the exemption if he or she meets all of the pertinent tests relating to duties, responsibilities, and salary:
The parties concede, and the summary judgment evidence easily shows, that as assistant fire chief McCoy was employed in a bona fide | executive, administrative or professional capacity. Under FLSA and the applicable regulations, he is exempt from overtime pay requirements.
By his first two assignments of error, McCoy urges that R.S. 33:1994 A entitles him to overtime pay by virtue of its provision that firefighters in towns over 13,000 population “shall receive” overtime if they are “subsequently excluded” from the overtime provisions of FLSA. A plain reading of § 1994 A defeats the argument. The first sentence of the statute states that overtime pay for firefighters is governed by FLSA. True, FLSA exempts McCoy from drawing overtime but does not exclude him from its overtime provisions; it merely treats executive and administrative employees differently from hourly workers. We do not find that the first sentence excludes McCoy from coverage of FLSA. It does the opposite.
As for the second sentence, McCoy has not shown, and this court is not aware, that any Louisiana or federal statute has excluded or removed him from the coverage of FLSA. Indeed, R.S. 33:1994 A included him in FLSA and made him subject to all its provisions. Without an exclusion, we have no authority to apply the overtime schedule that follows the second sentence of § 1994 A.
We are also unpersuaded by the argument that § 1994 A is somehow ambiguous. The legislature obviously intended to subject firefighters to FLSA, but also pro *247 vided an alternative for the contingency that they might later be excluded from FLSA overtime rules. In the context of insurance policies, courts have held that just because a policy provides general coverage but subjects it to certain exclusions does not make the policy [¡¡ambiguous. Jones v. Louisiana Timber Co., 519 So.2d 333 (La.App. 2 Cir.1988); Walpole v. Le Petit Théâtre du Vieux Carré, 2012 WL 12839 (E.D.La.2012). The same interpretative principle obviously applies to a statute. Just because § 1994 A provides for an eventuality that has not occurred does not make it ambiguous and improper for summary judgment disposition.
Finally, we find Cranford v. City of Slidell, supra, and A.G. Opin. 89-101 La. inapposite to this case. Cranford involved a special statute for police officers, La. R.S. 33:2213 A, which required overtime for officers and made no reference whatsoever to FLSA; the A.G. Opinion involved a special subsection governing Lafayette firefighters, La. R.S. 33:1994 C, which required the City of Lafayette to pay them time-and-a-half overtime and made no reference to FLSA. The latter could be considered an example of how covered firefighters may be “subsequently excluded” from the ambit of FLSA. No such exclusion applies in the instant case. McCoy’s first two assignments of error lack merit.
By his third assignment of error, McCoy urges that the City’s prior conduct in paying him overtime constituted an acknowledgment of its obligation to pay him overtime under § 1994 A. However, the law is settled that the “receipt of overtime payment by otherwise exempt employees does not defeat their exempt status under the FLSA.” Constant v. Webre, 2010 WL 2243641 (E.D.La.2010); Fife v. Harmon, 171 F.3d 1173 (8 Cir.1999); Boykin v. Boeing Co., supra, and citations therein. On this record, we find no evidence that the City waived McCoy’s executive status under FLSA or acknowledged any obligation that it did not owe under § 1994 A. This |9assignment lacks merit.

Conclusion

For the reasons expressed, the summary judgment is affirmed. Margene McCoy is to pay all costs.
AFFIRMED.

. These included managing electronic correspondence from 21 stations under his command, daily meetings with district chiefs, ensuring participation in training, filling positions that were vacant because of training, selecting training topics, attending staff meetings, evaluating SFD's response to incidents, participating in oral counseling or disciplinary reports, serving on’ disciplinary board, strategic planning, and evaluating rules and regulations.

. A different judge of the First Judicial District Court heard the case in August 2013.

. A tabular schedule follows in the statute.