LOLLEY, J.
hThe plaintiff, Kimberly Moody (“Moody”),'on behalf of her minor children Cameron Moody, Shadarien Jackson, and Ladarien Jackson; appeals a judgment dismissing her tort suit against the defendants, the City of Shreveport (“the City”) and Steve E. Murray (“Murray”). The district court determined that Moody’s suit was prescribed. For the following reasons we reverse the trial court’s judgment.
FACTS
This matter arises from an automobile accident on May 4, 2012, involving a Caddo Parish school bus and a Shreveport city bus that was being driven by Murray. Moody’s children were passengers on the school bus, and Murray was an employee of the City. On May 6, 2013, Moody filed suit in the Shreveport City Court against the City, Murray, and an insurer who has *510 since been- dismissed from the suit and is not involved in this appeal. The petition alleged that Murray was in the course and .scope of his employment operating a city bus when the accident occurred — he tried to pass the school bus while its stop sign was out.
The minutes of the Shreveport' City Court (“city court”) show that the City was served on May 13, 2013, and Murray was served on May 17, 2013. Answers were filed in response by both defendants: the City’s on June 21, 2013, and Murray’s on July 1, 2013. On August 15, 2013, alleging that the city court lacked jurisdiction over the City, the defendants filed a. motion to transfer the matter to the district court. The city court granted the motion, and the matter was transferred on October 3, 2013.
j2On November 20, 2013, Moody filed a petition for damages in the district court. Subsequently, on January 14, 2014, ■ the defendants filed an exception of prescription. They alleged that the matter had prescribed, because it was initially filed in an incompetent court, and neither the City nor Murray was served within the one-year prescriptive period so as to interrupt the running of prescription. Moody opposed the exception and attempted to file an amended petition removing the City as a- defendant and deleting the allegations that. Murray was in the course and scope of his employment with the City when the accident happened. The district court sustained the defendants’ exception of prescription in a written ruling, and judgment dismissing Moody’s claims against the defendants was rendered on January 5, 2014. Moody’s motion for a new trial was denied, arid this appeal followed'.
Discussion
The sole issue here is whether Moody’s petition against the City and Murray, filed in city court, interrupted prescription, against those parties. The district court determined it did not, finding that Moody’s subsequent suit filed in district court was untimely and the claims against the City and Murray prescribed. Moody argues that the petition filed in city court did indeed interrupt prescription, making the claims brought in district court against the City and Murray timely. For the following reasons, we agree.
Generally, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it. Bailey v. Khoury, 2004-0620 (La.01/20/05), 891 So.2d 1268, 1275. Delictual actions are subject to li-berativfe' prescription of one year, which | ^begins to run from the day injury or damage is sustained. La. C.C. art. 3492. The party asserting the peremptory exception of prescription ordinarily bears the burden of proof; however, where prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to prove that the action has not prescribed. Carter v. Haygood, 2004-0646 (La.01/19/05), 892 So.2d 1261.
Louisiana C.C. art. 3462 provides that prescription is interrupted when an action is commenced in a court of competent jurisdiction and venue. But when commenced in an incompetent court or one of improper venue, prescription is interrupted only as to defendants served within the prescriptive period. La. C.C. art. 3462. A competent court is one that has jurisdiction over the subject matter and is of proper venue for the action or proceeding. La. C.C.P. art. 5251(4). Notably, the interruption of prescription against one soli-dary obligor is effective against all solidary obligors and them heirs. La. C.C. art. 1799.
In this case, Moody filed her petition in city court on May 6, 2013, over one year from when the alleged accident occurred *511 on May 4, 2013. Howeyer, Moody submitted that the filing on May 6, 2013, a ,Monday, was timely because May 4, 2013, fell on a Saturday and legal holiday under La. R.S. 1:55. The City and Murray, citing La. C.C. art. 3462, countered that the city court was not a court of competent jurisdiction and venue, and they were not served within the prescriptive period so as to interrupt the running of prescription. Thus, we are called to determine whether the city court was a court of competent jurisdiction and venue as to these parties.
| ¿Except as provided by law, a city court has no jurisdiction over cases in which the state, or a parish, municipal or other political corporation is a defendant. Louisiana C.C.P. art. 4847 provides: .
A. Except as otherwise provided by law, a parish court or city court has.no jurisdiction in any of the following cases or proceedings:
⅝ ⅜? ⅝ ⅜ ⅝ ⅝
(6) A case in which the state, or a parish, municipal, or other political corporation is a defendant, ....
According to the general rules of statutory interpretation, the interpretation of any statutory provision begins with the language of the statute itself. Trade F. v. Francisco D., 2015-1812 (La.03/15/16), 188 So.3d 231; McCoy v. City of Shreveport, 49,428 (La.App.2d Cir.11/19/14, 6), 152 So.3d 242, 246, writ denied, 2014-2665 (La.03/13/15), 161 So.3d 640. By the clear and unambiguous wording of the code article, the city court lacked subject matter jurisdiction over the City regarding Moody’s action. La. C.C.P. art. 4847(6). Notably, -however, article 4847 does not include employees of such political subdivisions; therefore, noting the explicit language of the applicable article, we determine that, the city court had jurisdiction over Murray, the City’s employee. So considering, under La. C.C.P. art. 4847(6), the city court did not have Jurisdiction over the City; however, the article makes no mention of .employees of political subdivisions, giving the city court jurisdiction over the Cit/s employee, Murray. In the words of article 3462, the city court was a “court of competent jurisdiction” as to Murray.
|fiWe also ' conclude' that, cohsidering these particular facts, venue as to Murray was also piroper, despite La. R.S. 13:5104(B). That statute which is captioned “Venue,” provides:
All suits filed against a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises.
Notably, this venue, provision is mandatory. Akins v. Parish of Jefferson, 539 So.2d 44 (La.1989); Rico v. Clarke, 2009-1360 (La.App. 1st Cir.03/26/10), 36 So.3d 309, writ denied, 2010-0958 (La.06/25/10), 38 So.3d 343. For purposes of the above provision, a political subdivision includes municipalities. La. R.S. 13:5102(B)(1).
It would appear then, considering the relevant statute on its face, Moody’s action instituted in the city court against -the City’s employee, Murray, for conduct within the course and scope of his employment as.a city bus driver, was not filed in a court of proper venue. Louisiana R.S. 13:5104(B), a venue statute, mandates that proper venue for these parties would be in a district court. Nevertheless, this venue issue concerning Murray must be considered in view of La. C.C.P. arts. 44 and 928. In Patterson v. Weber Marine, 630 *512 So.2d 687 (La.1993), the Louisiana Supreme Court considered a situation where a lawsuit was filed within the prescriptive period in an improper venue, and the defendants were not served until after the prescriptive period had run — precisely the same facts as in the case sub judice. In Patterson, the defendants had answered the | ^petition, and the Supreme Court determined this answer waived any objection to venue. Id. at 687. According to the Patterson court,
At the time defendants filed their motion for summary judgment pleading prescription, venue was proper, any objection thereto having been waived, and for purposes of interruption of prescription, this suit is considered as having been filed in a court of competent jurisdiction and venue, thereby interrupting prescription under LSA-C.C. art. 3462.
Id. (Emphasis added).
Here, as in Patterson, Murray filed an answer to Moody’s petition in city court (presumably a court of improper venue). Thus, pursuant to Patterson, in so doing Murray waived any objection to improper venue in the city court. As a result, as to Murray, the city court was a court of competent jurisdiction and venue at the time the defendants brought their exception of prescription. Therefore, as provided in La. C.C. art. 3462, Moody's petition filed in city court clearly interrupted prescription as to Murray, because it was an action commenced in a court of competent jurisdiction and venue.
Considering that prescription was interrupted as to Murray, we also determine that prescription was interrupted as to the City. There is no specific allegation of fault on the part of the City, whose liability arises under the doctrine of respondeat superior. Employers are answerable for the damages occasioned by their employees in the exercise of the functions in which they are employed. La. C.C. art. 2320; Moody v. AIG Ins. Companies, 43,946 (La.App.2d Cir.01/14/09), 999 So.2d 1207. The employer’s liability is derivative and secondary to that of its employee, the actual tortfeasor. Sampay v. Morton Salt Co., 395 So.2d 326 (La.1981). |7Although the employer is not a joint tortfeasor with its employee, they are still bound for the same thing — total reparation of the victim’s damages. Id. Therefore, under our law the employer and employee are soli-dary obligors. When a employee’s actions during his employment create an unreasonable risk of harm to another, any resulting liability is solidary with that of his employer. Id. See also, La. C.C. art. 1797, “An obligation may be solidary though it derives from a different source for each obligor.” The suit against either the employer or the employee will interrupt prescription as to the other. Foster v. Hampton, 381 So.2d 789, 791 (La.1980); Abels v. General Motors Corp., 39,489 (La.App.2d Cir.04/06/05), 899 So.2d 810, 813, writ denied, 2005-1182, 2005-1193 (La.01/27/06), 922 So.2d 542.
The City, as Murray’s employer, is his solidary obligor. As stated, La. C.C. art. 1799 provides that the interruption of prescription against one solidary obligor is effective against all solidary obligors. See also, Foster, supra. Therefore, because prescription was interrupted against Murray by the filing of the petition in city court — a court of competent jurisdiction and venue as to him — prescription was also interrupted against the City. So considering, Moody’s petition filed in the district court was timely, and the district court erred in granting the exception of prescription dismissing the charges against the City and Murray.
*513 IsCONCLUSION
For the foregoing reasons, the judgment of the district court in favor of the City of Shreveport and Steve E. Murray is reversed. The appellate court costs in the amount of $827.50 are to be paid by the City of Shreveport and Steve E. Murray in accord with La. R.S. 13:5112.
REVERSED.
CALLOWAY (Ad Hoc), J., dissents with written reasons.
MOORE, J., dissents for the reasons assigned by Judge-Calloway (Ad Hoc).