PER CURIAM.
GRANTED. On December 24, 1985, Rosemary Forbes’ two sons were killed when her mobile home was destroyed by fire. On January 17, 1986, she timely instituted a wrongful death suit against Universal Manufacturing Company (Universal) in U.S. District Court, Eastern District of Louisiana, alleging negligence, failure to warn, and strict liability in regards to the manufacture of the mobile home. No other defendants were named, although the federal complaint did allege that “this negligence as well as other acts of negligence will be shown at the trial of this matter.”
On January 14, 1988, more than two years after the accident, and while the federal lawsuit remained pending, plaintiff filed a state lawsuit in the 15th Judicial District Court, Parish of Lafayette. The state suit named Superior Electric Products Corporation (Superior), and Variety Wholesalers, Inc., d/b/a Value Mart Stores of America, Inc. (Variety), as alleged manufacturer and vendor of the heater that purportedly caused the accident. The state petition alleged negligence and failure to warn. It made no allegations regarding the interruption of prescription, nor did it recite that the state court defendants were solidarily liable with Universal. The state court defendants filed a peremptory exception of prescription, alleging that the plaintiffs suit in state court was barred by the applicable prescriptive period of one year.
At the hearing on the exception, plaintiff introduced a certified copy of the timely filed federal complaint, and argued interruption of prescription based on solidary liability among the federal and state court defendants. See La.Civ.Code Ann. art. 3503 (West Supp.1990). Without written reasons, the trial court sustained defendants’ exception of prescription, rendering judgment in favor of Superior and Variety. The Court of Appeal for the Third Circuit affirmed in an unpublished opinion, reasoning that essential to plaintiff’s contention of interruption of prescription would be “some factual allegation in the [state court] petition that Universal was a joint tort-feasor with Superior and Variety.”
We find no error in the lower courts’ judgments maintaining the exception of prescription. However, we believe that in the interest of justice, the trial court should have followed the mandate of La.Code Civ. Pro.Ann. art. 934 (West 1984) by giving plaintiff a reasonable opportunity to amend her petition to cure the defect. Article 934 provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
Accordingly, we hold that the judgment of the district court sustaining the exception should have ordered plaintiff to amend her state court petition within a delay al *596 lowed by the court, or face dismissal with prejudice. See Craig v. Housing Authority of New Orleans, 482 So.2d 148 (La.App. 4th Cir.1986); Smith v. Cupples Real Estate, Inc., 412 So.2d 682, 684 (La.App. 2d Cir.1982); and Smith v. Bickley, 348 So.2d 757, 758 (La.App. 1st Cir.1977).
For the reasons assigned, this matter is remanded to the district court, and the district court is ordered to amend the judgment to allow plaintiff a period of time to amend her petition, if she can, to cure the grounds- of the exception of prescription.
WRIT GRANTED; REMANDED TO THE DISTRICT COURT WITH ORDER.