hBARRY, Judge.
Ella S. Chapital appeals the dismissal of her claims against G. Jeannette Hodge on an exception of prescription and against Guaranty Savings & Homestead Association, Inc. on summary judgment. We reverse in part, and remand.

Facts

Chapital and G. Jeannette Hodge are cousins. Chapital and Hodge obtained money from Hodge’s mother and they purchased property as an investment. One of the properties sustained extensive fire damage and the insurer, Allstate Property and Casualty Company, paid the insurance proceeds to Chapital and Hodge.
Chapital’s original petition, filed July 29, 1994, alleged that on February 11, 1993 All *1309 state Property and Casualty Company (the insurer of that property) issued a draft for $49,575 payable to Chapital and Hodge; Hodge forged Chapital’s indorsement for deposit of the draft into an account at Guaranty; and that Guaranty failed to confirm Cha-pital’s purported signature on the draft.
|20n October 11,1995 Chapital filed a Supplemental and Amended Petition alleging that Hodge fraudulently took $18,112.94 in proceeds from the sale of real estate which Chapital and Hodge owned without giving Chapital her share, and that Hodge fraudulently kept income from other properties which Chapital and Hodge owned. Chapi-tal’s appellate brief claims the $18,112.94 was intended as a settlement of Chapital’s claim for the Allstate insurance proceeds.
Hodge filed an exception of prescription, claiming that Chapital knew of Hodge’s alleged forgery prior to July 1993 (a year before suit was filed), the applicable prescriptive period is one year, and therefore Chapi-tal’s action prescribed. Guaranty moved for summary judgment claiming that Chapital has no claim or ownership interest in the released funds, and her claims against Guaranty prescribed. The trial court granted the exception of prescription, dismissing all of Chapital’s claims against Hodge, and granted summary judgment for Guaranty without reasons.
Chapital argues that her claims against Hodge prescribe in ten years; that if her claims against Hodge prescribe in one year, that period was interrupted by Hodge’s ac-knowledgement of the debt; that the trial court erred by dismissing the claims alleged in her supplemental petition; and that her claims against Guaranty prescribe in ten, five, or three years.

Forgery Claim

Chapital argues that her claim against Hodge for forgery prescribes in ten years. That claim has no merit.
A delictual action is subject to a one year prescriptive period. La.C.C. art. 3492. Unless otherwise provided by legislation, a personal action is subject to a |8ten year prescriptive period. La.C.C. art. 3499. The character of an action disclosed m the pleadings determines which prescriptive period applies. Starns v. Emmons, 538 So.2d 275, 277 (La.1989); J.W. Warren & Assoc, v. Audubon Insurance Co., 93-1650 (La.App. 3 Cir. 7/6/94), 638 So.2d 1241,1242.
Chapital’s original petition asserts a claim against Hodge for damages based on “fraud by forging petitioner’s name, intention [sic] infliction of mental distress and pain.” The petition does not allege a fiduciary relationship between Hodge and Chapital. Chapi-tal’s brief states that after Hodge forged Chapital’s signature, Hodge used the funds to pay off the mortgage, deposited the remainder ($14,885.47) into a checking account for Ella Chapital or G. Jeannette Hodge, then later withdrew that money. Those facts are not alleged in the petition. The claim which Chapital alleged in her original petition is styled as one in tort and is subject to the one year prescriptive period of Art. 3492.
Ellias v. Ellias, 94-1049 (La.App. 3 Cir. 3/1/95), 651 So.2d 939, writ den. 95-0832 (La. 5/5/95), 654 So.2d 333, cited by Chapital, is distinguishable. Elexon Ellias, Jr. and Elexon Ellias, Sr. were co-owners of property which was sold. Ellias, Jr. sued Ellias, Sr. in 1989 asking for an accounting of money received from the 1983 sale of real estate. The trial court dismissed the action finding that the one year prescription for a conversion action applied. The Third Circuit reversed, holding
the demand ... relates to the duty and obligation of a father as a joint owner of property with his son to account to the son for revenues received from the co-owned property. Such accounting was a personal obligation ... governed by a ten-year prescriptive period.
Id. at 942.
UChapital did not request an accounting from Hodge. She alleged forgery and claimed resulting damages. That assignment has no merit.

Acknowledgement

In her deposition Chapital admitted that she learned in April 1993 that Hodge forged Chapital’s name on the Allstate check. *1310 Thus her claim for damages resulting from the forgery (filed July 1994) was untimely unless prescription was interrupted or suspended. Chapital maintains that Hodge agreed to settle the matter in March 1994 by giving Chapital $18,112.94 in proceeds from the sale of some property which they owned. Hodge allegedly tendered the proceeds check to Chapital, then had the purchaser cancel that check and make another check payable to Hodge without Chapital’s knowledge. Chapital contends that constitutes an ac-knowledgement which interrupted prescription.
La.C.C. art. 3464 provides
Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe.
Generally, an acknowledgement may be oral or written, formal or informal, express or tacit. La.C.C. art. 3464, comment (e).
There is no proof of an acknowledgement in the record. The supplemental petition does not allege acknowledgement or reference the Allstate insurance proceeds and the forgery. It alleges that Hodge
fraudulently took the total sum of $18,-112.94 from the sale of Lot T-l Sq. 1779 ... that belonged to plaintiff and defendant together [and] ... misrepresented ... that plaintiff wanted only one name on the draft....
Although the supplemental petition identifies the property, the original petition does not. Thus the’petitions do not allege any connection between 1¡¡Chapital’s original claims and the $18,112.94. Moreover, Chapital’s deposition does not reference the alleged settlement or circumstances from which a verbal or tacit acknowledgement can be inferred. Based on the pleadings and evidence, the trial court correctly dismissed Chapital’s claim for damages caused by the forgery.
However, that conclusion does not require dismissal at this stage of the proceedings. La.C.C.P. art. 934 provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
Art. 934 has been liberally applied in eases involving prescription. Whitnell v. Menville, 540 So.2d 304, 309 (La.1989). Although it is not necessary to allow time to amend if the plaintiff cannot point out grounds sufficient to overcome the exception, opportunity to amend should be allowed unless it can be determined in advance of the amendment that new allegations would have no effect on the prescription issue. Id.
In Freeman, Gyer, Hemelt & Associates v. Estate of McKnight, 578 So.2d 996 (La.App. 4th Cir.1991), the plaintiff argued that an acknowledgement interrupted prescription. This Court held that although plaintiff neither proved nor alleged that such an acknowledgement took place, the trial court erred by not allowing an amendment to the pleadings because the plaintiff could remove the grounds for prescription by alleging facts which constituted an acknowledgment.
|6Because Chapital argues that facts exist which are sufficient to show an acknowledgement and interrupt prescription, she should be given the opportunity to amend her petition to allege those facts. Accordingly, we remand for the district court to amend the judgment to allow Chapital to amend her petition against Hodge within a specified period of- time. Forbes v. Superior Electric Products Corp., 567 So.2d 594, 596 (La.1990). If she fails to amend her petition, the claim should be dismissed. Whitnell v. Menville, 540 So.2d at 310. If she amends her petition and alleges new facts, the district court should consider anew the exception of prescription. Id.

Claim for Sale Proceeds

Chapital argues the claims in her supplemental petition did not prescribe. That argument has merit.
The trial court dismissed all of Chapital’s claims without reasons. At oral argument counsel speculated that the trial court *1311 dismissed the claims raised in the supplemental petition because that petition was improperly filed after Hodge’s answer without setting a contradictory hearing, citing Roberts v. Murphy Oil Corp., 577 So.2d 308, 313 (La.App. 4th Cir.), writs den. 580 So.2d 670, 673 (La.1991), which upheld the defendant’s motion to strike portions of the plaintiffs supplemental petition filed without a contradictory hearing.
This case is distinguishable. The trial court signed an order which stated “Let the forgoing [sic] supplemental and amending petition .be filed as prayed for.” A contradictory hearing was not set. However, Hodge did not object to the ^supplemental petition or move to strike, rather filed an answer. Under those circumstances, Hodge waived her objection to the supplemental petition.
The supplemental petition does not allege the date of the alleged fraud (which, according to Chapital’s brief, occurred in March 1994) and is not prescribed on its face. The judgment is reversed as to Chapital’s claims in the supplemental petition.

Guaranty Savings & Homestead Association

The trial court granted Guaranty’s motion for summary judgment which was based in part on prescription. Although the parties do not argue the procedural propriety of pleading prescription in a motion for summary judgment, Louisiana courts have approved that procedure. Labbe Service Garage Inc. v. LBM Distributors, Inc., 94-1043 (La.App. 3 Cir. 2/1/95), 650 So.2d 824, 829. See Patterson v. Weber Marine, 630 So.2d 687 (La.1993), which considered summary judgment based on prescription. Although Patterson reversed summary judgment, the Court reversed on grounds unrelated to the issue of whether it was proper to plead prescription in a motion for summary judgment.
Chapital contends that her claims against Guaranty prescribe in ten years under La. C.C. art. 3499 (personal actions), five years under La.C.C. art. 3498 (suit on an instrument), or three years under La.C.C. art. 3494 (suit on open account). We disagree.
Chapital’s petition alleges damages for Guaranty’s failure to confirm that the signature on the Allstate check was authentic and authorized. Daube v. Bruno, 493 So.2d 606 (La.1986) held that an action by a payee of a check against a drawee bank that pays the item on a forged indorsement is delictual and subject to one year prescription. See La. R.S. 10:3-419(1) prior to its amendment by Acts 1992, No. 1133 § , eff. January 1, 1994.[1]
Although the record does not show that Guaranty was the drawee, Daube is analogous.
This action is similar in nature to an action by one who has been dispossessed of a movable as a result of an offense or quasi-offense which is an action under the law of delictual obligations.... The action is based on the fault of the defendant, and includes fact patterns such as those that are set forth in [former] La.R.S. 10:3-491(1), and may be directed to the recovery of the movable with damages for the injury plaintiff sustained or for damages only when plaintiff has no longer an interest in the recovery of the movable. [Citations omitted.]
Id. at 609.
Kobuszewski v. Scriber, 518 So.2d 524 (La.App. 2d Cir.1987) is distinguishable as an action by the maker, rather than payee.
Moreover, Chapital does not allege facts to support a personal action subject to a ten year prescriptive period or a suit on an open account subject to a three year prescriptive period.
*1312 Chapital’s deposition establishes that she was aware in April 1993 that the check had been deposited. Because suit was not filed until July 1994, the trial court properly dismissed the claims against Guaranty, which had prescribed. We pretermit discussion of whether summary judgment was otherwise proper.

REVERSED IN PART; REMANDED.

. Former La.R.S. 10:3-419(1) read in pertinent part:
(W)hen a person pays an instrument on a forged indorsement, he is liable to the true owner.