IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30674
_____

BARBARA CROWTHERS DEAN,

Plaintiff-Appellant,

v.

GENERAL FINANCIAL SERVICES, INC. and/or; FEDERAL
DEPOSIT INSURANCE CORPORATION, Successor of the
Federal Savings and Loan Insurance Corporation,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
Docket No. 97-CV-3708-B
_____

January 5, 2000

Before KING, Chief Judge, and WIENER and BARKSDALE, Circuit
Judges.

PER CURIAM:[*]

Plaintiff-Appellant Barbara Crowthers Dean ("Dean") appeals

from the district court's entry of summary judgment in favor of

Defendants-Appellees ("Appellees") General Financial Services

("GFS") and the Federal Deposit Insurance Corporation ("FDIC") as

the successor of the Federal Savings and Loan Insurance

Corporation ("FSLIC").

I. FACTUAL AND PROCEDURAL BACKGROUND

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The facts giving rise to this case stretch back to 1983. That year, Dean signed a note and mortgage with Colonial Mortgage and Loan Corporation ("Colonial"). Colonial subsequently assigned the note and mortgage to New Orleans Federal Savings and Loan Corporation ("NOF"). NOF went into receivership in June 1986 with the FSLIC as receiver. Dean, apparently, failed to make the installment payments on the loan and the FSLIC filed suit for non-payment in Louisiana state court on November 6, 1987. Dean claims she was never served with notice of the suit, despite the fact that return of service was filed with the court.

A preliminary default judgment was entered by the court on December 16, 1987 and that judgment was confirmed by the court on January 15, 1988. Despite her previous non-payment, Dean made payments to the FSLIC between 1988 and May 1990. The FDIC subsequently succeeded the interests of the FSLIC, and on June 5, 1995 assigned the judgment to GFS. GFS immediately set about trying to collect the judgment. GFS sent a letter to Dean on June 15, 1995, informing her that they had purchased her note from the FDIC.

After a series of communications with Dean's attorney, GFS apparently decided that the dispute could not be solved amicably and began foreclosure proceedings. Dean then filed this suit in Louisiana state court to annul the 1988 judgment, alleging that she had never been served with notice of the original suit and that the judgment had been obtained through fraud or ill practice. The case was subsequently removed to federal court.

2

Dean amended her complaint in July 1998 seeking a declaratory judgment that any attempts to collect on the 1988 judgment would be barred because the prescriptive period in which to enforce the judgment had run in January 1998.

While Dean's action was pending in federal court, GFS filed suit in Louisiana state court to revive the 1988 judgement. The state trial court ruled that GFS could not revive the judgment because the ten-year prescriptive period on the collection of judgments had run. GFS subsequently appealed this decision to the Louisiana Fourth Circuit Court of Appeal.

In a series of rulings, at issue here, the district court granted summary judgment to Appellees on all of Dean's claims. First, the district court granted summary judgment to the Appellees with respect to Dean's action to annul the 1988 judgment. The court found that Dean had failed to present any evidence showing that she was not properly served with notice of the original suit. The court also held that the evidence indicated that Dean was aware of the judgment, at the latest, by July 31, 1995. Under Louisiana law, a party who believes that a default judgment has been entered against her by fraud or ill practice has one year to file suit from when she knew of, or should have know of, the fraud or ill practice. Because Dean discovered the existence of the judgment in July 1995 but did not file her suit until November 19, 1996, the court ruled that her claim had prescribed.

In a separate decision the court granted summary judgment to GFS on Dean's declaratory judgment action. Dean argued that she never acknowledged the judgment or renounced prescription and, therefore, the prescriptive period had run and GFS could not maintain any collection action. GFS argued, however, that because Dean had made payments to the FSLIC between 1988 and May 1990, she had acknowledged the judgment and therefore the prescriptive period ran anew from the date of her last payment to the FSLIC. The district court determined that Dean had renounced prescription by continuing to make payments to the FSLIC after the 1988 judgment and granted summary judgment to GFS.

Because we agree with the district court's result in regards to Dean's attempt to annul the 1988 judgment, we AFFIRM the district court's entry of summary judgment in favor of the FDIC and GFS on that issue. However, with respect to the issue of prescription, we are Erie bound by the intervening decision of the Louisiana Court of Appeals, which ruled (subsequent to the district court's decision) that the 1988 judgment had prescribed. Therefore, we REVERSE the district court's judgment dismissing Dean's declaratory judgment action.

## II. DISCUSSION

Dean advances two issues on appeal. Dean argues that the district court improperly granted the Appellees summary judgment on her attempt to annul the 1988 judgment and she also contends that the district court improperly granted GFS summary judgment

4

on her declaratory judgment action.  We discuss each of these issues in turn.

We review the district court's grant of summary judgment de novo, applying the same standards as the court below.  <u>See Matagorda County v. Law</u>, 19 F.3d 215, 217 (5th Cir. 1994). Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  <u>See</u> Fed.R.Civ.P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could find in favor of the nonmoving party.  <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

## 1.  Annulment of the 1988 Judgment

Dean argues that the 1988 judgment should be annulled for two reasons.  First, she claims that she was never properly served with notice of the underlying lawsuit.  Second, Dean claims that the judgment was obtained through fraud or ill practices.

### a.  Annulment for Failure to Properly Serve Notice

Dean argues that because she was not properly served with original notice of the suit that culminated in the 1988 default judgment, the judgment should be annulled.  The FDIC produced a return of service form that indicated that Dean had been personally served on November 21, 1987.  The form was signed

5

"David Gathers per Saulny."  The FDIC also submitted an affidavit from Deputy Gathers in which he attested to personally serving Dean on November 21, 1987.

We begin by noting that a sheriff's return of service is entitled great weight and is presumed to be correct.  See La. Code Civ. Proc. Ann. art. 1292 (West 1984).  Return of service is prima facie evidence that service was effectuated.  See Blue, Williams & Buckley v. Brian Investments, Ltd., 706 So.2d 999, 1003 (La. Ct. App. 1997).  If a return of service form is produced, the party attacking service must prove by "clear and convincing" evidence that they were not served with process.  Id. at 1004.  Dean's assertion that she was not actually served, standing alone, fails to sufficiently rebut the presumption of service.  See Roper v. Dailey, 393 So.2d 85, 88 (La. 1980).  Even though Deputy Gathers did not personally sign the return of service, his affidavit is viewed as an allowable amendment to the return.  See Petruit v. Leblanc, 216 So.2d 863 (La. Ct. App. 1968).

Dean has failed to overcome the presumption of service established by the return of service form and Deputy Gather's affidavit.  Dean offers only her own uncorroborated assertion that she was not served and the affidavit of her son stating that Dean never mentioned to him that she was being sued.  Dean offers no reasons why she could not have been served as the return of service indicated.  Moreover, her son's affidavit that she never mentioned the suit to him has no bearing on whether Dean was

6

actually served.  Dean has wholly failed to offer any evidence creating a genuine issue of fact as to whether she was served.

### b. Annulment for Fraud or Ill Practice

A final judgment may be annulled if it was obtained through fraud or ill practice.  See La. Code Civ. Proc. Ann. art. 2004 (West 1990).  A suit to annul a judgment obtained by fraud or ill practice must be brought within one year from when the fraud or ill practice is, or should have been, discovered.  See id.; Gennuso v. State, 339 So.2d 335 (La. 1976); Kambitsis v. Schwegmann Giant Supermarkets, 665 So.2d 500, 502 (La. Ct. App. 1995).

Dean claims that she did not receive a copy of the judgment until December 1995.  While this may be true, we agree with the district court that, before she actually received a copy of the judgment, Dean should have been on notice that it had been entered.  Once Dean had sufficient information to incite curiosity, excite attention, or put a reasonably minded person on guard, she had, or should have had, the "constructive knowledge necessary to start the running of prescription."  LeCompte v. Stat-Dep't of Health and Human Resources- S. Louisiana Med. Ctr., 723 So.2d 474, 476 (La. Ct. App. 1998).

On July 31, 1995, Dean's attorney wrote to GFS inquiring as to the details of the 1988 judgment.  We agree with the district court that this letter indicates that Dean had knowledge of the 1988 judgment by July 31, 1995, at the very latest.  Knowledge of

7

the judgment should have been sufficient to put Dean on notice that the judgment may have been obtained through fraud or ill practice. This indicates sufficient knowledge to begin the running of the prescriptive period. Because Dean did not file this action until over a year after having discovered the existence of the judgment, her claim is prescribed and the district court correctly granted summary judgment to FDIC and GFS.

2. Dean's Declaratory Judgment Action

In her amended complaint Dean argued that the court should enter a declaratory judgment holding that the prescriptive period for enforcement of the 1988 judgment had run. The district court, however, determined that because Dean had continued to make payments to the FSLIC between 1988 and May 1990, she had renounced prescription.

There is a ten-year prescriptive period for the collection of money judgments. See La. Civ. Code Ann. art. 3501 (West 1994). Dean argues that any effort by GFS to collect the 1988 judgment is prescribed because it did not file suit by January 11, 1998--ten-years after the entry of the default judgment. GFS contends that because Dean continued to make payments to the FSLIC between 1988 and May 1990, she acknowledged the judgment and therefore the prescriptive period runs anew from her last payment. Dean counters that the payments to the FSLIC were not

8

an acknowledgment of the judgment but were merely payments on the underlying mortgage.

GFS points to <u>Lima v. Schmidt</u>, 595 So.2d 624 (La. 1992), and La. Civ. Code Ann. art. 3464 (West 1994), to support its proposition that the 1988 judgment has not prescribed. Prescriptive statutes are "strictly construed against prescription and in favor of the obligation sought to be extinguished." <u>Lima</u>, 595 So.2d at 629; <u>see also</u> <u>Sotomayor v. Lewis</u>, 673 So.2d 1201, 1205 (La. Ct. App. 1996) (noting that "prescription should be strictly construed against the extinguishment of a claim."). However, when a petition, on its face, shows that the prescriptive period has run, "the burden is on the [creditor] to show why the claim has not prescribed." <u>Lima</u>, 595 So.2d at 628 (citations omitted). The Louisiana Civil Code provides that prescription is interrupted when one acknowledges "the right of the person against whom he had commenced to prescribe." La. Civ. Code Ann. art. 3464 (West 1994). "If prescription is interrupted, the time that has run is not counted. Prescription commences to run anew from the last day of interruption." La. Civ. Code Ann. art. 3466 (West 1994).

The Louisiana Supreme Court has held that a "clear and direct" acknowledgment is not necessary to halt prescription but that a "simple acknowledgment...requiring no particular form" is sufficient. <u>Lima</u>, 595 So.2d at 632. A party may acknowledge the rights of another without any particular formality. <u>See</u> <u>Flowers v. United States Fidelity & Guaranty Co.</u>, 381 So.2d 378, 380 (La.

9

1979).  Acknowledgment of a right may be "oral or written, formal or informal, express or tacit."  La. Civ. Code Ann. art 3464, comment (e) (West 1994);  see also Lima, 595 So.2d. at 634; Chapital v. Guaranty Savings & Homestead Ass'n., 681 So.2d 1307, 1310 (La. Ct. App. 1996).  Tacit acknowledgment "occurs when a debtor performs acts of reparation or indemnity, makes an unconditional offer or payment, or lulls the creditor into believing he will not contest liability."  Lima, 595 So.2d at 634.  Tacit acknowledgment "may be inferred from specific facts and circumstances."  Id. at 632; see also Settoon Marine, Inc. v. Great Lakes Dredge & Dock Co., 657 So.2d 537, 539 (La. Ct. App. 1995).

We find GFS's argument, that the prescriptive period on the 1988 judgment has not run because Dean tacitly acknowledged the judgment, to be persuasive.  Nonetheless, we are Erie bound by the recent decision of the Louisiana Fourth Circuit Court of Appeal affirming the state trial court's decision that the prescriptive period on the 1988 judgment had run.  See General Financial Services, Inc. v. Dean, No. 99-CA-1798 (La.Ct.App. 1999).  The Louisiana appellate court, citing Cassiere v. Cuban Coffee Mills, 74 So.2d 193 (La. 1954), ruled that acknowledgment of a judgment does not halt the running of prescription and that a revival of judgment action, brought within the prescriptive period, is "the exclusive method by which the running of prescription on a money judgment may be prevented."  The court found that GFS had not filed a revival action within ten years of

the original judgment and therefore the 1988 judgment had prescribed. As a court bound by the principles of <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64 (1938), and its progeny, we must accept the decision of the Louisiana appellate court.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court in favor of the FDIC and GFS dismissing Dean's action to have the 1988 judgment declared a nullity but REVERSE the court's judgment dismissing Dean's declaratory judgment action. Each party shall bear its own costs.