877 So.2d 1090 (2004)
Harley Clinton WAGUESPACK,
v.
Karenlyn W. JUDGE, Harold M. Judge, Jr. And Chris Judge.
No. 04-CA-137.
Court of Appeal of Louisiana, Fifth Circuit.
June 29, 2004.
*1091 Vallerie L. Oxner, Metairie, LA, for Plaintiff/Appellant.
Michael G. Fanning, Gretna, LA, for Defendant/Appellee.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY and MARION F. EDWARDS.
MARION F. EDWARDS, Judge.
Plaintiff, Harley Clinton Waguespack, appeals from a judgment of the district court sustaining an exception of prescription in favor of the defendants, Karenlyn W. Judge, Harold Judge Sr., and Chris Judge ("Judges").
On December 20, 2001, Waguespack filed a Petition For Defamation, Abuse Of Process, Malicious Prosecution, False Imprisonment, and Intentional Infliction of Emotional Distress. Waguespack averred that on February 4, 2000, the defendants, his sister, brother-in-law, and nephew, caused the Jefferson Parish Sheriff's Office to arrest him on charges of stalking and threatening them. In addition, Waguespack *1092 contended that the Judges told the sheriff's office that he was a user of illegal drugs and was armed and dangerous, none of which was true. On February 6, 2000, eight deputies arrived at Waguespack's home and knocked on his door with weapons drawn. One of the deputies put a shotgun to his head, his home was searched, and he was arrested and incarcerated overnight. He was released from jail and transferred to the East Jefferson General Hospital Psychiatric Ward, where he was kept overnight. Waguespack had to retain counsel to represent him in the criminal matter. He urged that he was innocent of all the accusations, and alleged mental, emotional, and physical damages, as well as loss of income.
The Judges filed a reconventional demand, alleging that the arrest was a result of numerous written and verbal threats against them, that the petition had no factual basis whatsoever, and that Waguespack was guilty of abuse of process and malicious prosecution. Subsequently, the Judges filed Exceptions of Prescription and No Cause of Action, alleging that Waguespack had only until February 4, 2002, (sic) in which to file his actions for defamation, false imprisonment, and intentional infliction of emotional distress. They further alleged that although his action for malicious prosecution was timely, that he had failed to properly state a cause of action under the applicable jurisprudence. Finally, they urged that there was no cause of action stated for the issue of "abuse of process," and further that any such action had prescribed.
The Exceptions came for hearing on November 6, 2002. Following the hearing, the trial court sustained the Exceptions of Prescription as to false imprisonment and intentional infliction of emotional distress, as well as for defamation, and dismissed those actions. The Exception of No Cause of Action was sustained as to abuse of process and malicious prosecution, giving Waguespack thirty days in which to amend his petition to state a cause of action. Waguespack appeals the judgment only insofar as it grants the Exceptions of Prescription.
On the trial of a peremptory exception of prescription pleaded prior to trial on the merits, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. La. C.C.P. Art. 931. When evidence is introduced at a hearing on an exception of prescription, the trial court's findings of fact are reviewed under the manifest error standard.[1] However, in the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, and all allegations thereof are accepted as true.
In the present case, no competent evidence was introduced by either Waguespack or the Judges. Therefore, we must determine the exceptions on the facts alleged. Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed.[2]
The petition states that the Judges made allegations that caused the sheriff's office to arrest Waguespack on February 4, 2000. He was arrested and incarcerated overnight, then sent to East Jefferson where he was kept overnight again. While *1093 the petition states that there were criminal charges brought, it does not give a date on which those charges were prosecuted in court, nor does it indicate that the prosecution was unsuccessful. (In the answer to the petition, the Judges state that Waguespack pleaded guilty to lesser charges on April 17, 2001. This pleading is not evidence.)
The trial judge took judicial notice, and notified the parties, that the criminal proceedings had taken place in his court, and that he had been given a copy of the minute entry. Both parties had copies of the criminal proceedings. None of these documents were offered or received into evidence.
The actions for defamation, intentional infliction of emotional distress, and false imprisonment are clearly prescribed on the face of the petition, which was filed on December 20, 2001. We further observe that Waguespack does not state a cause of action for false imprisonment against the Judges.
The tort of false imprisonment or false arrest consists of two essential elements: detention of the person and the unlawfulness of the detention.[3] False imprisonment or arrest occurs when one arrests and restrains another against his will without warrant or other statutory authority.[4] Although the Judges' statements to the sheriff's office may have resulted in arrest, there are no allegations that the Judges restrained or detained Waguespack and thus do not give rise to a claim of false imprisonment.
An action for defamation arising out of allegations made in judicial proceedings and against a party to those proceedings cannot be brought until those proceedings are terminated.[5] The trial court acknowledged that the criminal action involving Waguespack came before his court, although there is no evidence in the record of either the date or the outcome of those proceedings.
La. C.C.P. art. 934 has been liberally applied in cases involving prescription. Although it is not necessary to allow time to amend if the plaintiff cannot point out grounds sufficient to overcome the exception, opportunity to amend should be allowed unless it can be determined in advance of the amendment that new allegations would have no effect on the prescription issue.[6] Thus, while the trial court correctly granted the exception as to the defamation action, Waguespack should have been given the opportunity to amend his pleadings.
Regarding the cause of action for intentional infliction of emotional distress, the trial court was correct in finding that the activities of the Judges giving rise to that cause of action occurred on February 4-5, 2000, and thus were prescribed. Waguespack does not argue that any further behavior by the Judges caused his injuries, but rather argues that he could not bring his suit on this issue until the termination of the criminal proceeding. We find no legal basis for this argument. In the absence of any allegation or evidence *1094 of tortious conduct which took place after February 2000, the trial court correctly granted the exception of prescription as to this cause of action.
For the foregoing reasons, the judgment granting the Exception of Prescription as to false imprisonment, intentional infliction of emotional distress, and defamation is affirmed. We further find that Waguespack has failed to state a cause of action for false imprisonment. The matter is remanded to the trial court with instructions to grant Waguespack additional time within which to amend his petition to remove the grounds of the objection of prescription as to the action for defamation.
AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] Perez v. Trahant, 2000-2372 (La.App. 1st Cir.12/28/01), 806 So.2d 110, writs denied, XXXX-XXXX, XXXX-XXXX (La.8/30/02), 823 So.2d 953:
[2] Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d 1383, 1386 (La.1993); Campo v. Correa 2001-2707 (La.6/21/02), 828 So.2d 502.
[3] Plessy v. Hayes Motor Co., Inc., 31,974 (La.App.2d Cir.6/16/99), 742 So.2d 934, 938; Tabora v. City of Kenner, 94-613 (La.App. 5th Cir.1/18/95), 650 So.2d 319, writ denied, 95-0402 (La.3/30/95), 651 So.2d 843.
[4] Plessy v. Hayes, supra.
[5] See Nolan v. Jefferson Parish Hosp. Service Dist. No. 2, 01-175 (La.App. 5 Cir. 6/27/01), 790 So.2d 725; Ballex v. Naccari 95-0057 (La.App. 4 Cir. 6/7/95), 657 So.2d 511.
[6] Whitnell v. Menville, 540 So.2d 304, 309 (La.1989); Chapital v. Guaranty Sav. & Homestead Ass'n, 96-0244 (La.App. 4 Cir. 10/2/96), 681 So.2d 1307, writ denied 96-2639 (La.12/13/96), 692 So.2d 1068.