975 So.2d 48 (2007)
OMEGA CENTER FOR PAIN MANAGEMENT, L.L.C.
v.
OMEGA INSTITUTE OF HEALTH, INC., Omega Hospital, L.L.C. and Joseph H. Bellina, M.D.
No. 07-CA-558.
Court of Appeal of Louisiana, Fifth Circuit.
December 27, 2007.
*49 Kyle Schonekas, Joelle Evans, Al J. Robert, Jr., Schonekas, Winsberg, Evans & McGoey, L.L.C., New Orleans, Louisiana, for Plaintiff/Appellant.
Jacqueline G. Griffith, Charles O. Taylor, Chehardy, Sherman, Ellis, Murray, *50 Recile, Griffith, Stakelum & Hayes, LLP, Metairie, Louisiana, for Defendants/Appellees.
Leopold Z. Sher, James M. Garner, Debra J. Fischman, Sher Garner Cahill Richter, Klein & Hilbert, L.L.C., New Orleans, Louisiana, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS, and WALTER J. ROTHSCHILD.
MARION F. EDWARDS, Judge.
Plaintiff/appellant, Omega Center for Pain Management, L.L.C. ("Omega Center"), appeals a judgment in favor of defendants/appellees, Dr. Joseph H. Bellina ("Dr. Bellina"), Omega Institute of Health Inc. ("Omega Institute"), and Omega Hospital, L.L.C. ("Omega Hospital"), granting their Exceptions of Prescription and dismissing the case with prejudice. We affirm and remand.
Omega Center filed suit in April 2005 against Dr. Bellina, Omega Institute and Omega Hospital. In the petition, Omega Center alleged that anesthesiologist Dr. Paul Hubbell ("Dr. Hubbell") and Dr. Bellina, through the Omega Institute, formed the Omega Center in 1998, each with a 50/50 ownership interest. Paragraph 11 stated: "Dr. Hubbell and Dr. Bellina agreed to share in procedural revenues generated from Omega Center for Pain." The next allegation is that Company Management Systems ("CMS"), a billing company owned by Dr. Bellina, actually performed all billing and collecting for Omega Center and Dr. Hubbell, but eventually, another company, Southern Pain and Anesthesia Consultants, L.L.C., took over billing in January 2001. The petition averred that CMS continued to double bill for anesthesia services, but notwithstanding, Omega Center has not received payment for anesthesia patients since April or May 2001. Dr. Bellina instructed CMS and other employees to divert funds due to Omega Center to other entities, including Omega Institute or Omega Hospital. Dr. Hubbell, on behalf of Omega Center, refilled patients' pain medication pumps during the years at issue, but, pursuant to Dr. Bellina's instructions, the money was taken by Omega Institute or Omega Hospital.
Omega Center had a line of credit primarily for the acquisition of pain management equipment. During the time in question, Dr. Hubbell delivered anesthesia and pain clinic services at a separate company, Surgi-Net in Lafayette. Equipment was ordered for Surgi-Net under Omega Center's account, as Omega Center was attempting to obtain a billing contract with Surgi-Net. Equipment for Omega was also ordered and paid from Omega Center's line of credit. However, Omega Institute or Omega Hospital billed and collected for the equipment at Dr. Bellina's instructions.
Omega Center alleged as causes of action a breach of fiduciary duty, a breach of contract, and a bad faith breach of contract against all defendants.
Numerous pleadings were filed by Omega Hospital, Omega Institute, and Dr. Bellina, including Exceptions of Prescription, No Cause of Action, Vagueness, Lack of Procedural Capacity, and Want of Amicable Demand. Following a hearing on the exceptions, the court granted the Exception of Prescription, dismissed the action with prejudice, and found the remaining exceptions were moot. Omega Center appeals.
On appeal, Omega Center urges the trial court erred by incorrectly characterizing the asserted claims as tortious in nature; by failing to require the defendants to present proof that prescription had not accrued because it is not evident that the *51 claims are prescribed on the face of the pleadings; and, alternatively, that the court erred in not allowing it to amend its petition before dismissing the claim with prejudice. Omega Center avers that the period of ten years for a personal action under LSA-C.C. art. 3499 is the applicable prescriptive period for the claims in the petition.
On the trial of a peremptory exception of prescription pleaded prior to trial on the merits, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. LSA-C.C.P. art. 931. When evidence is introduced at a hearing on an exception of prescription, the trial court's findings of fact are reviewed under the manifest error standard.[1] However, in the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, and all allegations thereof are accepted as true.[2] However, for purposes of this peremptory exception we need not accept as true conclusions of law.[3] In the present case, no evidence was introduced at the trial.
The prescriptive period applicable to an action is determined by the character of the action disclosed in the pleadings.[4] In the present case, Omega Center alleged the particulars cited above in its petition, and then concluded with "counts" of breach of fiduciary duty, breach of contract, and bad faith breach of contract against all defendants. On review, the facts asserted to have occurred do not support most of those conclusions of law.
None of the facts pleaded disclose the existence of contracts between Omega Center and any of the defendants. The only contracts that can be identified in the petition are a lease between Dr. Hubbell (who is not a party) and Omega Institute, an agreement between Dr. Hubbell and Dr. Bellina to share revenues, and, possibly, a billing contract between CMS (also not a party), and Omega Center. The conclusion of law stated in the petition, that there was a breach of contract and/or a bad faith breach of contract, cannot be supported by any of the underlying facts pleaded.
Omega Center correctly avers that a ten-year prescriptive period is applicable to a breach of fiduciary duty. Some breaches of a fiduciary are classified as ex delicto, while others are ex contractu.[5] The distinction is that ex contractu breaches arise from the breach of a special obligation between the parties and ex delicto breaches from the violation of a general duty.[6] Generally, whether a fiduciary duty exists, and the extent of that duty, depends upon the facts and circumstances of the case and the relationship of the parties. As a basic proposition, for a fiduciary duty to exist, there must be a fiduciary relationship between the parties.[7] The defining *52 characteristic of a fiduciary relationship, therefore, is the special relationship of confidence or trust imposed by one in another who undertakes to act primarily for the benefit of the principal in a particular endeavor.[8]
LSA-R.S. 12:1320 specifies that the liability of members, managers, employees or agents of a limited liability corporation ("LLC") is determined solely and exclusively under the provisions of Louisiana LLC law. A member or manager of an LLC company shall be deemed to stand in a fiduciary relationship to the company and its members and shall discharge his duties in good faith, with the diligence, care, judgment, and skill which an ordinary prudent person in a like position would exercise under similar circumstances. LSA-R.S. 12:1314(A)(1). In determining whether a member of a member-managed LLC or a manager-managed LLC has breached a fiduciary duty to the LLC and its members, at minimum, a gross negligence standard and the business judgment rule is employed. LSA-R.S. 12:1314(B). Gross negligence is defined as "a reckless disregard of or a carelessness amounting to indifference to the best interests of the limited liability company or the members thereof." LSA-R.S. 12:1314(C).
Although the petition asserts that Drs. Hubbell and Bellina formed Omega Center, it also states that Omega Center was owned by Dr. Hubbell and Omega Institute. Omega Institute, thus, stands in the position of a fiduciary with Omega Center. As between those parties, the facts pleaded in the petition do not support an underlying claim of a breach of fiduciary duty, although there are several claims that Dr. Bellina acted through Omega Institute to the detriment of the plaintiff.
LSA-C.C.P. art. 934 has been liberally applied in cases involving prescription.[9] Although it is not necessary to allow time to amend if the plaintiff cannot point out grounds sufficient to overcome the exception, opportunity to amend should be allowed unless it can be determined in advance of the amendment that new allegations would have no effect on the prescription issue.[10] Given the complexity of the relationship between the parties, particularly the defendants, we cannot determine at this stage that new allegations could have no effect on prescription. Therefore, although dismissal as to Omega Hospital and Omega Institute was proper, Omega Center should have been allowed the opportunity to amend its petition if possible.
For the foregoing reasons, the judgment sustaining the Exception of Prescription is affirmed. We hold that Omega Center is entitled to amend its petition, if possible, prior to a dismissal with prejudice.
AFFIRMED; REMANDED.
NOTES
[1] Waguespack v. Judge, 04-137 (La.App. 5 Cir. 6/29/04), 877 So.2d 1090.
[2] Cichirillo v. Avondale Indus., Inc., 2004-2894 (La. 11/29/05), 917 So.2d 424; Waguespack, supra.
[3] See e.g., Williams v. Red Barn Chemicals, Inc., 188 So.2d 78 (La.App. 1 Cir.1966).
[4] Starns v. Emmons, 538 So.2d 275, 277 (La. 1989); Fishbein v. State ex rel. La. State Univ. Health Sciences Center, 2004-2482 (La.4/12/05), 898 So.2d 1260.
[5] Novelaire Technologies, L.L.C. v. Harrison, 06-94 (La.App. 5 Cir. 7/25/06), 939 So.2d 437; Young v. Adolph, 02-67 (La.App. 5 Cir. 5/15/02), 821 So.2d 101.
[6] Id.
[7] Scheffler v. Adams and Reese, LLP, XXXX-XXXX (La.2/22/07), 950 So.2d 641.
[8] Id.
[9] Whitnell v. Menville, 540 So.2d 304, 309 (La.1989); Chapital v. Guaranty Sav. & Homestead Ass'n, 96-0244 (La.App. 4 Cir. 10/2/96), 681 So.2d 1307, writ denied, 96-2639 (La. 12/13/96), 692 So.2d 1068.
[10] Id.