BRENDA TAVIANI WIFE OF/AND FLORIANO TAVIANI

VERSUS

AKROM, INC. AND ACCIDENT INSURANCE COMPANY

NO. 22-CA-475

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 758-365, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING

April 26, 2023

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and John J. Molaison, Jr.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED**

    **JJM**
    **SMC**
    **FHW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/APPELLANT,
AKROM, INC. AND ROBERT KOEHL
     Leonard L. Levenson
     Christian W. Helmke
     Donna R. Barrios
     Allison K. Nestor

COUNSEL FOR PLAINTIFF/APPELLEE,
BRENDA TAVIANA AND FLORIANO TAVIANA
     Albert J. Nicaud
     Jeffrey M. Siemssen

**MOLAISON, J.**

In this matter pertaining to a breach of contract claim for residential construction, appellants seek review of the trial court's finding of their liability and the determination of damages awarded to plaintiffs/appellees. For the reasons that follow, the judgment of the trial court is affirmed in part, reversed in part, and we remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On or about January 9, 2015, plaintiffs/appellees, Brenda and Floriano Taviani ("the Tavianis"), entered into two contracts with Akram, Inc. ("Akram") to build an addition to their existing home on Edenborn Avenue in Metairie. The total cost of the contracts, $200,000.00, was formally divided into a construction contract for $150,000.00 and a "consulting contract" for $50,000.00. The major areas of work identified in the construction contract consisted of an attached solarium, an attached garage and bonus room, various cosmetic changes and the addition of stucco to the front of the house, new air conditioning units, and new plumbing from the solarium to the main sewer line. Akrom guaranteed that the work would be completed in June of 2015.

On February 26, 2016, the Tavianis filed a petition in the Twenty-Fourth Judicial District Court that alleged damages resulting from a breach of contract by Akrom. The petition asserted that after Akrom had received $193,000, it "abandoned the job and refused to return." After that, Akrom allegedly refused to return building materials which had already been purchased. Further, it was alleged that Akrom's abandonment of the construction led to various types of structural damage to the Tavaini's home. The petition indicated that the Tavianis hired a new contractor to complete the construction for an additional cost of $80,472.45. On September 26, 2016, Akrom filed an answer denying all of the Tavianis' claims, and also raised several exceptions.

On January 3, 2019, the Tavianis filed a Supplemental and Amending Petition which named as defendant Robert Koehl ("Koehl"), the sole shareholder of Akrom, alleging that he was jointly and severally liable for the breaches of the construction contracts. The petition specified that Koehl had failed to adequately supervise Akrom's subcontractors in the performance of their work; failed to coordinate, consult, and confirm that the architectural and engineering plans were consistent and adequate; and failed to provide the final agreed upon plans to the subcontractors who performed the work, rendering much of the construction not in accordance with the plans and specifications filed with Jefferson Parish. In addition, the Tavianis alleged several acts of fraud on Koehl's part, as well as a spoliation of evidence claim.

On May 30, 2019, Koehl filed an answer to the amended petition and also raised exceptions to the Tavianis' alleged causes of action. On August 24, 2020, Koehl filed a separate motion, which set forth the exceptions of prescription and no cause of action. Both exceptions were denied by the trial court on November 4, 2020, following a hearing on October 20, 2020.

The matter proceeded to a judge trial on March 21, 22, and 23, 2022. After considering the post-trial memoranda of the parties, the trial court issued a written judgment on May 12, 2022, which incorporated the following relevant rulings. First, judgment was rendered in favor of the Tavianis on their breach of contract claims against Akrom and Koehl in the amount of $178,208.08. The court specified that Koehl was personally and solidarily liable with Akrom for the entire amount. The Tavianis were also awarded $20,000 in attorneys' fees.

Koehl and Akrom filed a motion for devolutive appeal, which was granted on July 6, 2022.

## ASSIGNMENTS OF ERROR

On appeal, Koehl and Akrom allege the following assignments of error:

(A) The trial court erred as a matter of law when it denied the peremptory exception of prescription filed on behalf of Robert Koehl;

(B) The trial court erred as a matter of law in awarding attorney's fees; alternatively the trial court abused its discretion in awarding the amount of attorney's fees without the requisite proof; and

(C) The trial court abused its discretion in awarding damages for costs not attributable to poor workmanship and/or for which the defendant/appellants are not responsible.


## FIRST ASSIGNMENT OF ERROR

*The exception of prescription*

An exception of prescription is a peremptory exception, which a defendant may raise at any time, including on appeal or after the close of evidence, but prior to the submission of the case after trial. La. C.C.P. arts. 927 and 928(B). "[P]rescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished; thus, of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted." *Carter v. Haygood*, 04-646 (La. 1/19/05), 892 So.2d 1261, 1268. Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception, including prescription. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed. When a cause of action is prescribed on its face, the burden is upon the plaintiff to show that the running of prescription was suspended or interrupted in some manner. *Woods v. Cousins*, 12-100 (La. App. 5 Cir. 10/16/12), 102 So.3d 977, 979, *writ denied*, 12-2452 (La. 1/11/13), 107 So.3d 617. In the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true. *Waguespack v. Judge*, 04-137 (La. App. 5 Cir. 6/29/04), 877 So.2d 1090.

*The original and amending petition*

In this case, it is not contested that the Tavianis timely filed a petition for damages against Akrom. The claims in the original petition included breach of contract, failure to complete work, performing substandard work, and the use of lesser quality materials by Akrom. The first amended petition was filed three years later, after discovery had been conducted. In the supplemental and amending petition, plaintiffs alleged four acts of fraud against Koehl:

> A. Failing to provide the solarium, stone veneers, flooring, walls, ceilings and stucco which had not been purchased by him and installed on the premises despite the fact that he had been paid by the Tavianis for these materials;
> B. Hiring unlicensed electrical, framing, HVAC and other subcontractors who did not hold a valid license with the State of Louisiana;
> C. Intentionally utilizing substandard materials than those called out in the specifications in order to earn extra profits and gain an advantage over the Tavianis to their detriment; and
> D. Performing residential construction despite the fact that he did not possess a residential construction license issued by the Louisiana State Licensing Board for Contractors.

It is unclear from the record when Koehl's alleged acts of fraud were discovered by the Tavianis, which resulted in the filing of the amended petition. However, as discussed below, this finding is not necessary to our analysis of the prescription issue in this case. Koehl introduced no evidence in support of his exception of prescription, resulting in the exception being decided on the facts alleged in the petition, which are accepted as true. *Waguespack v. Judge*, *supra*.

In his exception of prescription, Koehl first argued Akrom's legal status as a distinct juridical person, and that he had not bound himself individually for Akrom's debt. Next, he asserted that that the Tavianis' claims of conversion and fraudulent misrepresentation are subject to a one-year prescriptive period that began to toll when they first became aware of the alleged acts in 2016.

*Allegations of fraud and the liability of a shareholder*

Juridical persons, such as corporations and limited liability companies, are distinct from their members. La. C.C. art. 24. Consequently, a corporation's shareholders are not liable for its debts. *Bergman v. Nicholson Mgmt. & Consultants, Inc.*, 594 So.2d 491, 499 (La. Ct. App.), *writ denied*, 600 So.2d 646 (La. 1992). However, third parties can bring claims against a member for "any fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person, or in derogation of any right which the limited liability company may have against any such person because of any fraud practiced upon it by him." La. R.S. 12:1320(D). Thus, under certain circumstances, a court can pierce the corporate veil in order to reach the "alter ego" of the corporate member and hold the corporate member liable for the debts of the corporation. *1 Peyton Place, Condominium Associates, Inc., v. Guastella*, 08-365 (La. App. 5 Cir. 5/29/09), 18 So.3d 132, 149.

*Joint and several liability*

The Tavianis' amended petition alleges joint and several liability between Koehl and Akrom. Joint tortfeasors are solidarily liable for the damage they cause when they conspire to commit an intentional or willful act. La. C.C. art. 2324(A). Fraud exists if it can be shown that material misrepresentations have been made by one party designed to deceive another to obtain some unjust advantage or to cause loss or inconvenience to the other. La. C.C. art. 1953. Fraud was specifically pled in the amending petition. Where fraud or deceit has been practiced on a third party by the shareholder acting through the corporation, the courts have disregarded the corporate entity and imposed personal liability for those debts upon the shareholder. *Dutton & Vaughn, Inc. v. Spurney,* 496 So.2d 1126, 1129-30 (La. App. 4th Cir.1986), *writ denied*, 501 So.2d 208 (La.1987).

*Interruption of prescription as to defendant Koehl*

The interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs. La. C.C. art. 1799. When a plaintiff's basis for claiming an interruption of prescription is that the defendant is a joint tortfeasor with a defendant who was timely sued, the plaintiff bears the burden of proving joint tortfeasor status and of establishing that prescription has been timely interrupted against a joint tortfeasor. *McKenzie v. Imperial Fire and Casualty Insurance Co.*, 12-1648 (La. App. 1 Cir. 7/30/13), 122 So.3d 42, 47, *writ denied*, 13-2066 (La. 12/6/13), 129 So.3d 534. As discussed above, the allegations of fraud on the face of the amended petition were a sufficient basis upon which the trial court could consider joint and several liability between Koehl and Akrom, raising the possibility that Akrom was, in fact, Koehl's alter ego. Thus, we find no error in the trial court's apparent conclusion that the timely institution of the Tavianis' lawsuit against Akrom notified Koehl of the litigation and interrupted prescription against him individually. *Withers v. Timber Products, Inc.*, 574 So.2d 1291, 1295 (La. App. 3d Cir.1991), *writ denied*, 580 So.2d 378 (La.1991).

.**SECOND ASSIGNMENT OF ERROR**

In the first part of this assignment, appellants argue that the trial court erred in awarding attorneys' fees as part of its judgment.

Once fraud is established, the party responsible for the fraudulent activity is liable for damages and attorneys' fees under La. C.C. art. 1958. *Landreneau v. National Affiliated Investors Life Ins. Co.*, 96-1071 (La. App. 3 Cir. 2/26/97), 692 So.2d 464, *writ denied*, 97-0813 (La. 5/9/97), 693 So.2d 762. Accordingly, in this case, where the trial court found that the appellants perpetuated fraud upon the Tavianis, we find that an award of attorneys' fees is supported.

Appellants also argue under this assignment that the trial court abused its discretion in awarding an amount for attorneys' fees without considering evidence of how the fees were justified. We agree.

Attorneys' fees are subject to review and control by the courts. *Abadie v. Markey*, 97-684 (La. App. 5 Cir. 3/11/98), 710 So.2d 327, 333. Regardless of the language of the statutory authorization for an award of attorneys' fees or the method employed by a trial court in making an award of attorneys' fees, courts may inquire as to the reasonableness of attorneys' fees as part of their prevailing, inherent authority to regulate the practice of law. *Richardson v. Parish of Jefferson*, 98-625 (La. App. 5 Cir. 2/10/99), 727 So.2d 705, 708, *writ denied*, 99-864 (La. 5/7/99), 740 So.2d 1289. The factors to be considered in determining the reasonableness of attorney's fees are: 1) the ultimate result obtained; 2) the responsibility incurred; 3) the importance of the litigation; 4) the amount of money involved; 5) the extent and character of the work performed; 6) the legal knowledge, attainment, and skill of the attorneys; 7) the number of appearances involved; 8) the intricacies of the facts involved; 9) the diligence and skill of counsel; and 10) the court's own knowledge. *In re Tutorship of the Property of Alicia St. John Huddleston*, 95-97 (La. App. 5 Cir. 4/25/95), 655 So.2d 416, 419.

Our review of the record reflects that no evidence was introduced at trial concerning any of the above-listed factors in awarding attorneys' fees in this case. Nor did the trial court articulate any reasons supporting its award. Accordingly, we vacate that portion of the trial court's judgment awarding attorneys' fees and remand this matter to the trial court for an evidentiary hearing to determine a reasonable amount of attorneys' fees in accordance with the factors listed above, and other applicable law. *Williams v. Sec. Plan Fire Ins. Co.*, 16-714 (La. App. 5 Cir. 5/31/17), 222 So.3d 200, 205

## THIRD ASSIGNMENT OF ERROR

In their last assignment, appellants claim that the trial court abused its discretion in awarding damages for costs to the Tavianis that were not attributable to poor workmanship and/or for which the defendant/appellants are not responsible.

If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract. La. C.C. art. 2769. In the instant case, the Tavianis established damages from the breach of contract through the unrefuted testimony of their experts, as well as a report that identified, in precise descriptions, appellants' incomplete and/or defective work.

The Tavianis called Michael Gurtler as a witness and offered him as an expert in construction defects and building codes. On direct examination, he was asked in detail about the findings in his original and supplemental report on the Tavianis' incomplete home renovation by Akrom. In connection with his testimony, the Tavianis introduced Exhibits P-40 and P-41, which were Gurtler Brothers' reports and accompanying invoices dated August 21, 2015 and July 11, 2016.

The plaintiffs' construction expert, C.J. Minor, a licensed Louisiana contractor who does residential and commercial construction, testified on March 22, 2022, and was accepted without objection as an expert in construction estimating and contracting. Mr. Minor stated that he had been hired by the Tavianis to complete an inspection estimate for their home on Edenborn Avenue, which included an analysis of the deficiencies in Akrom's uncompleted work and a price to complete the project. On direct examination, Mr. Minor was asked about every charge to the Tavianis to complete the home addition, at a cost of

$180,184.23. During Mr. Minor's cross examination, the Tavianis stipulated that there were two charges for the same item, a set of doors, and that any award should be reduced by $4,376.15. Plaintiffs' Exhibit 42 was the estimate from C & G Construction, which formed the basis of Minor's testimony.

Conversely, neither Akrom nor Koehl provided their own calculation of the value to repair the defective work and complete the work under the contract, nor did they introduce expert testimony to refute Mr. Gurtler or Mr. Minor's testimony.

Proof by a preponderance of the evidence is defined as taking the evidence as a whole, the fact to be proved is more probably than not. *Fuller v. Wal-Mart Stores, Inc.,* 519 So.2d 366, (La. App. 2nd Cir.1988). Uncontroverted evidence should be taken as true to establish a fact for which it is offered absent any circumstances in the record casting suspicion as to the reliability of this evidence and sound reasons for its rejection. *Earls v. McDowell*, 07-17 (La. App. 5 Cir. 5/15/07), 960 So.2d 242, 248. The appellate court may not set aside a trial court's factual findings in the absence of manifest error or unless such findings are clearly wrong. *Stobart v. State, through DOTD*, 617 So.2d 880 (La. 1993). In awarding damages to the Tavianis, the trial court also apparently found their expert witnesses to be credible. When factual findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard of review demands great deference to the trier of fact's findings. *In re L. D. B*., 18-205 (La. App. 5 Cir. 10/17/18), 258 So. 3d 963, 973, *writ denied sub nom. In re L.D.B*., 18-1864 (La. 2/11/19), 263 So.3d 1151.

Given the unrefuted evidence and testimony at trial, we cannot say that the trial court's award of damages to the Tavianis was manifestly erroneous.

**DECREE**

For the reasons assigned, the portion of the judgment awarding damages for the breach of contract is affirmed. We affirm the trial court's denial of the

defendants' exception of prescription. The portion of the judgment awarding attorneys' fees is reversed, and we remand the matter for further proceedings consistent with this opinion.

**<u>AFFIRMED IN PART; REVERSED IN PART; REMANDED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **APRIL 26, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-CA-475

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)
ALLISON K. NESTOR (APPELLANT)          CHRISTIAN W. HELMKE (APPELLANT)          LEONARD L. LEVENSON (APPELLANT)
ALBERT J. NICAUD (APPELLEE)            JEFFREY M. SIEMSSEN (APPELLEE)

### MAILED

BRET D. GUEPET, JR. (APPELLEE)         COLLEEN B. GANNON (APPELLANT)          WILL C. GRIFFIN (APPELLEE)
ATTORNEY AT LAW                         DONNA R. BARRIOS (APPELLANT)           ATTORNEY AT LAW
3000 18TH STREET                        ATTORNEYS AT LAW                        GRIFFIN & BIVALACQUA LLC
METAIRIE, LA 70002                      650 POYDRAS STREET                      650 POYDRAS STREET
                                        SUITE 2750                             SUITE 2615
                                        NEW ORLEANS, LA 70130                  NEW ORLEANS, LA 70130